SHARP, W., J.
Tipton, the former husband, appeals from an order modifying and increasing the temporary child support owed to his former wife, Crotty, for the parties’ nine-year-old daughter. Because portions of the order relate to issues not noticed for the hearing, and other portions of the order are not based on substantial competent evidence, we reverse and- remand for further proceedings.
The trial court ordered Tipton to pay $1,956.74 in child support and $400.00 in arrearages for past child support. The court added $200.00 per month for medical arrearages and $200.00 towards the general arrearage, to be determined in the future. However, arrearages were not encompassed in the notice for the hearing and, at the commencement of the hearing, the attorney for Crotty told the judge the parties were not there for a determination of arrearages. In addition, no competent evidence of any arrearage amount was presented to the court. The attorney for Crotty relied on a “summary” which was objected to by Tipton’s attorney. Accordingly, this part of the order must be reversed. See Newberry v. Newberry, 831 So.2d 749 (Fla. 5th DCA 2002); Douglas v. *977 Douglas, 795 So.2d 99 (Fla. 5th DCA 2001); Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986).
With regard to the child support award, it appears the trial court failed to properly consider Tipton’s argument that the court, in making its calculations, should impute some income to Crotty. The court failed to make any fact findings as to why it chose not to impute income to the former wife, although testimony at the hearing provided a basis for such an award.[1] The evidence at the hearing established that Crotty previously earned $30,000.00 when she was employed full time as an audiologist for Belltone from 1999 to 2000. In 2000, Crotty opened her own audiology business, but had been unable to earn any income and had been putting money back into the business. However, she testified she could earn $15,000.00 per year if she worked part time for an employer.
There may be reasons the court chose not to impute income to Crotty. She testified the parties’ daughter has a mental illness, requiring frequent doctor visits and unusually large amounts of her mother’s time and attention. In addition, Crotty had remarried and was expecting the birth of another child close to the time of the hearing. However, without fact findings this part of the order is not reviewable on appeal. See Quinones v. Quinones, 870 So.2d 108 (Fla. 2d DCA 2003); McMullan v. McMullan, 710 So.2d 1045 (Fla. 5th DCA 1998).
In addition, it appears from this record that the court awarded Crotty sums for expenses which either Tipton was not required to make or which were not being incurred:
1. Pursuant to the parties’ prior divorce decree, Tipton was supplying health insurance coverage through his employer, Delta Airlines, for the parties’ daughter. Unhappy with that policy, Crotty elected to obtain additional health insurance for her daughter which cost $548.99 per month. This sum was erroneously included in Tipton’s child support obligations. He cannot be, in effect, double charged for health insurance simply because Crotty is unhappy with the providers available under his employer’s plan, without substantial cause or reason.
2. Tipton was required to pay $225.00 per month for day care for the parties’ daughter. However, the daughter was not in daycare. This was error. See Rowland v. Rowland, 868 So.2d 608 (Fla. 2d DCA 2004).
3. Crotty’s financial affidavit listed approximately $500.00 per month less in expenses for the daughter than the trial judge awarded her. There is no competent, substantial evidence to support this overage award.
Because the temporary child support order in this case suffers from multiple mistakes and errors, we reverse and remand for further proceedings.
REVERSED and REMANDED.
MONACO and TORPY, JJ., concur.

. See Gerthe v. Gerthe, 857 So.2d 306 (Fla. 2d DCA 2003); Bracero v. Bracero, 849 So.2d 388, 390 (Fla. 5th DCA 2003).