PER CURIAM.
The former husband appeals a contempt order requiring him to pay child support arrearages. He argues the court erred in rejecting his laches defense, and in ordering him to pay arrearages without considering his ability to pay. We affirm the court’s ruling on the laches defense, but reverse the order and remand the case to the trial court to make the requisite finding of the former husband’s ability to pay.
The parties were married in 1982. Three children were born of the marriage. The parties separated in 1995. The children continued to live with their mother. During the four years of separation, the former husband paid the former wife monthly child support of $600.
The parties divorced in 1999. The final judgment of dissolution incorporated a marital and property settlement agreement, which provided for the children to reside with the former wife and for the former husband to pay child support in the amount of $1,000 per month and provide health insurance, clothes, haircuts, and school lunches.
In 2003, the former husband filed a Supplemental Petition for Modification of Child Support. He alleged that two of the three children had reached the age of majority. The former wife admitted the two children were emancipated, but denied the husband’s allegations concerning his income. The wife also filed a Motion for Contempt, Enforcement and Sanctions, in which she argued that the former husband had failed to pay child support, pursuant to the marital settlement agreement. She sought arrears and sanctions. The former husband did not raise the defense of laches in his pleadings. However, his amended pre-trial catalogue included the defense.
After a hearing, the trial court reduced the child support payments to $486 per month because two of the children had reached the age of majority. The husband’s payments were undisputed. He paid $2,400 during 1999. Beginning in January 2000, he paid $600 a month until July 2003, when he began paying $400 per month.
*560 The former wife knew the former husband was not paying the ordered child support and knew his whereabouts, but did not seek to enforce payment until the former husband sought modification, nearly five years later. During that time, the husband remarried and had a baby girl. In August 2003, the husband purchased and moved into a new home shortly before the former wife filed the motion for contempt.
In defense of the former wife’s motion for contempt, the husband argued her claim for child support arrearages was barred by laches. He contended that although he never was able to pay the $1,000 monthly child support obligation, he paid the wife $600 per month as soon as he was able, and did so for the four years prior to the divorce. The husband further asserted the amount he paid was consistent with the Florida Child Support Guidelines even though it was not in compliance with the settlement agreement and final judgment of dissolution. The former wife had accepted the $600 monthly payments. According to the husband, the former wife’s delay in seeking enforcement of the full child support was unreasonable, without excuse, and had caused him prejudice. Because he had not anticipated her seeking enforcement, he had incurred new financial obligations and liabilities.
The trial court found the former wife had not waived the child support payments by failing to seek enforcement. The court further found the former husband had failed to establish prejudice, relying on Ticktin v. Kearin, 807 So.2d 659 (Fla. 3d DCA 2001). See also Golden v. Lewis, 647 So.2d 979 (Fla. 2d DCA 1994). We agree and affirm the order in this regard.[1]
The former husband also suggests the trial court erred when it ordered him to repay the child support arrearages and set up a repayment schedule without considering his ability to pay. While the trial court reduced the child support payments due to the emancipation of two children, it ordered the husband to pay arrearages at the rate of $200 per month. This sum added $86 per month to the amount he was already paying prior to the child support reduction. We can understand the court’s assumption that the small additional monthly charge must be affordable. Nevertheless, neither the final judgment nor the order on rehearing contain any finding that the former husband possesses the ability to pay the ordered monthly arrear-ages. Such finding is a requirement under Florida Family Law Rule of Procedure 12.615(d)(1). See Vazquez v. Vazquez, 827 So.2d 384 (Fla. 4th DCA 2002). For this reason, we reverse and remand the case to the trial court to rule on this issue.
STONE, SHAHOOD and MAY, JJ„ concur.

. In addition to the court's ruling, we also note that the marital settlement agreement contains a non-waiver provision that provides that the failure of either party to insist on the strict performance of the agreement will not constitute a waiver or relinquishment for the future unless the relinquishment is in writing and signed by the parties.