989 So.2d 1237 (2008)
Malgorzata THOMPSON, Appellant,
v.
Ronnie THOMPSON, Appellee.
No. 4D07-4522.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
Malgorzata Thompson, Boca Raton, pro se.
No brief filed on behalf of appellee.
WARNER, J.
The former wife appeals an order arising out of a post-dissolution contempt proceeding requiring the former husband to make payments on $18,005.25 in rehabilitative alimony arrearages at a rate of $94.75 per month, which will require fifteen years to repay. She contends that the repayment amount is so small that it constitutes *1238 an abuse of the court's discretion. We agree and reverse.
In the parties' marital settlement agreement entered during their divorce proceedings, the former husband agreed to pay $2,500 per month in child support for their four-year-old daughter. Additionally, he would pay $2,500 per month in bridge-the-gap alimony for the months of June, July, and August 2005, and then $1,500 per month in rehabilitative alimony, which would terminate on August 15, 2010.
Shortly thereafter a custody battle erupted. After that was settled, the former husband moved to modify the final judgment due to his decreased income prospects. The parties entered into a mediation settlement providing that beginning on January 1, 2007, the former husband would pay $1,000 per month in child support based on a substantial change of circumstances and $3,000 per month in alimony, with the amount of child support increasing to $2,750 on September 1, 2010. In order to satisfy an arrearage in child support and alimony at the time, the former husband transferred two motorcycles to the former wife.
In April 2007, the former wife filed a motion for civil contempt/enforcement, alleging that the former husband failed to pay alimony and child support. A hearing was held before the general magistrate. The findings of fact of the general magistrate reveal that the former husband testified to his declining income in his field of marketing annuities, as his main insurance carrier was "under attack." He testified that his income had been reduced from gross revenues of nearly $500,000 in 2005, although according to his figures he still had gross revenues of nearly $70,000 for the first six months of 2007. The former wife testified that the former husband wrote insurance through other carriers and was hiding his income through his adult son's business. In addition, the former husband was supporting his present girlfriend.
The general magistrate found that the former husband did not deny his failure to timely pay alimony and child support. The former husband was aware of his employment problem, and resulting income problem, at the time he entered the mediation settlement agreement. The magistrate found that the former husband had the ability to comply with the child support and alimony orders, willfully refused to do so, failed to present a valid cause for the delinquency, and frustrated the purpose and intent of the court orders. Accordingly, the magistrate granted the former wife's motion as to the alimony and child support, and ordered the former husband to make a $3,000 purge payment toward the outstanding alimony support arrearage by September 1, 2007. Additionally, the magistrate ordered him to continue to make his regularly scheduled alimony and child support payments, and to make payments towards the alimony arrearages in the amount of $94.75 per month, beginning on September 1, 2007. The alimony arrearages as of July 31, 2007 were $18,005.25.
The former wife filed exceptions to the report in which she requested that the court reduce the arrearages to a judgment. Additionally, she claimed that it was an abuse of discretion to order monthly purge payments of $94.75, because it would take sixteen years to pay off the arrearages. After holding a hearing during which both of the parties were present, and in which the trial court did not have the benefit of the transcript from the hearing before the general magistrate, the trial court overruled the exceptions and approved the magistrate's report. The former wife appeals, again asserting that the amount of *1239 repayment of the arrearage was an abuse of discretion.
On its face, the order is an abuse of discretion. The order awarding a mere $94.75 per month to satisfy the substantial arrearages in rehabilitative alimony would postpone its repayment until a decade after the obligation terminates. "Rehabilitative alimony is designed to aid a person to regain the ability for self-support similar to that which previously existed or would have existed except for the marriage of the parties." Lewis v. Lewis, 665 So.2d 322, 324 (Fla. 4th DCA 1995). The payment schedule devised by the court is contrary to the purpose of rehabilitative alimony. While it may not be financially feasible to repay the entire amount within the rehabilitative period, extending that repayment period for fifteen years clearly defeats any rehabilitative purpose.
Furthermore, after the termination of the rehabilitative alimony payments in 2010, the former husband will be relieved of an obligation of $3,000 per month. The former husband will have the financial ability to repay any arrearages within a few short months after he is relieved of the rehabilitative payments set forth in the modified final judgment.
An analogous case is Leone v. Weed, 474 So.2d 401 (Fla. 4th DCA 1985). There, the trial court ordered repayment of child support arrearages to extend well beyond the age of majority of the child. In reversing the extended repayment plan, we said:
While the manner in which child support arrearages are to be repaid is a matter within the discretion of the trial court, Shellmyer v. Shellmyer, 418 So.2d 477 (Fla. 4th DCA 1982), the arrangement here constitutes an abuse of that discretion. A plan which postpones repayment of support until the object of such support reaches legal age or becomes self-supporting flies in the face of the very reasons for which "child support" exists. This child needs sustenance now, not a dowry in the future. Therefore, we hold that it was error to permit such an extended and delayed repayment schedule. The former husband should be required to make reasonable arrearage payments concurrent with his regular support payments. E.g., Butchart v. Butchart, 469 So.2d 965 (Fla. 4th DCA 1985). Moreover, the former husband should pay interest at the legal rate on the amount of the outstanding arrearages. Butchart v. Butchart, supra; see also Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980).
Id. at 404. Likewise, the plan here postpones repayment of rehabilitative alimony well beyond the period of rehabilitation. The former wife needs the alimony now to accomplish her rehabilitation, not years from now.
We therefore reverse and remand for the trial court to set a more reasonable arrearage payment which will provide to the former wife the payments necessary to complete her rehabilitation within a reasonable time. Additionally, she requests that the court reduce the alimony arrearages to a judgment, which the trial court may also permit on remand.
Reversed.
STEVENSON and MAY, JJ., concur.