PER CURIAM.
 

 The former husband appeals a final judgment of dissolution of marriage. The former wife did not file an answer brief. The trial court’s failure to make required findings of fact causes us to reverse. We reverse and remand for reconsideration of the alimony award, the lump-sum payment on the husband’s alimony arrearage, and that portion of the final judgment ordering the former husband to obtain life insurance and a bond to secure his alimony and child support obligations and the required factual findings.
 

 I. Background
 

 The former husband and wife were married for fifteen years and have two minor children. During the course of the marriage, the former husband sold furniture and then started his own business. The former wife did not work outside of the home. After the parties separated, the former husband earned no income; the former wife worked as a nanny and gymnastics instructor.
 

 Prior to entry of the final judgment, the parties agreed that the former husband would pay $1,000.00 per month in child support for both children until the older child reached the age of eighteen, married, or died, whichever occurred first, at which time, his child support obligation would be reduced to $700.00 per month until the younger child reached the age of eighteen, married, or died, whichever occurred first. The parties also agreed that child support would continue for each child beyond the age of eighteen years in the event that such child was still in high school and was performing in good faith with a reasonable expectation of graduation before the age of nineteen. The child support payments were to commence on November 1, 2010, at which time the parties’ minor children were fifteen and sixteen years of age.
 

 The parties then entered into a Stipulation and Agreed Judgment Establishing Child Support, which contained the foregoing provisions. Under this agreement, the former husband would be responsible for a total amount of $25,800. The cost of child support from November 1, 2010, until the older child reached the age of eighteen on March 1, 2012, would be $16,000 (16 months x $1,000). The cost of child support until the younger child reached the age of eighteen on May 81, 2013, would be $9,800 (14 months x $700). If both children remained in high school at the age of eighteen, but had a reasonable expectation of graduation before the age of nineteen, then the cost of child support until the older child reached the age of nineteen on March 1, 2013, would be $28,000 (28 months x $1,000). The cost of child support until the younger child reached the age of nineteen on May 31, 2014, would be $18,200 (26 months x $700). Under this scenario, the husband’s total child support obligation would amount to $46,200. The trial court ratified and incorporated this agreement into its October 28, 2010, Agreed Final Judgment Establishing Child Support.
 

 After a hearing, the trial court entered its Final Judgment of Dissolution of Marriage (“Final Judgment”). The trial court awarded the former wife $5,000 per month
 
 *564
 
 in alimony for sixteen years. The trial court also ordered the former husband to pay the $23,500 in arrearages for undifferentiated support by making a lump-sum payment of $12,500 to the former wife within ten days of the entry of the Final Judgment and by paying the remainder at the rate of $500 per month.
 

 The trial court also directed the former husband to obtain a one million dollar term life insurance policy to secure his alimony obligation, finding the former husband could afford the life insurance. The trial court also ordered the former husband to secure his alimony payments by posting bond in the amount of one million dollars.
 

 In the portion of the Final Judgment entitled “Child Support and Related Expenses,” the trial court directed the former husband to obtain a $100,000 dollar term life insurance policy to secure his child support obligation and found that the former husband could afford the cost. The trial court also ordered the former husband to secure his child support (erroneously described as “alimony”) by posting bond in the amount of $100,000.
 

 II. Alimony
 

 Although we review a trial court’s award of alimony for an abuse of discretion, “ ‘[w]here a trial judge fails to apply the correct legal rule ... the action is erroneous as a matter of law.’ ”
 
 Ondrejack v. Ondrejack,
 
 839 So.2d 867, 870 (Fla. 4th DCA 2003) (quoting
 
 Kennedy v. Kennedy,
 
 622 So.2d 1033, 1034 (Fla. 5th DCA 1993)).
 

 “Section 61.08(1), Florida Statutes ... mandates findings of fact relative to the factors enumerated in subsection 2 ... which lists several economic factors the trial court ‘shall consider’ in determining a proper award of alimony. Failure to consider all of the mandated factors is reversible error.”
 
 Ondrejack,
 
 839 So.2d at 870. “In determining whether to award permanent periodic alimony, the trial court must consider the needs of the spouse requesting the alimony and the ability of the other spouse to make alimony payments.”
 
 Segall v. Segall,
 
 708 So.2d 983, 987 (Fla. 4th DCA 1998). In determining ability to pay, the trial court must make specific findings of fact regarding the paying spouse’s financial resources.
 
 See Lift v. Lift,
 
 1 So.3d 259, 261 (Fla. 4th DCA 2009).
 

 A trial court abuses its discretion when it orders a spouse to make a monthly alimony payment which “greatly exceeds the [spouse’s] monthly income without competent substantial evidence that [his] actual monthly income exceeds his stated monthly income.”
 
 Bengisu v. Bengisu,
 
 12 So.3d 283, 286 (Fla. 4th DCA 2009). When a trial court imputes income to the parties for the purposes of determining alimony, the imputation “must be supported by competent, substantial evidence.”
 
 Sallaberry v. Sallaberry,
 
 27 So.3d 234, 236 (Fla. 4th DCA 2010).
 

 Here, the trial court abused its discretion by awarding the wife $5,000 per month in alimony without making any specific factual findings concerning the former husband’s ability to pay or his financial resources or source of income. Although paragraph 5.3 of the Final Judgment states that the husband “is currently supporting himself’ and that he “has the responsibility to financially support the wife and children,” it fails to explain
 
 how
 
 the husband supports himself.
 

 Additionally, the final judgment does not make any factual findings concerning the parties’ financial resources. In paragraph 5.8, the trial court states that the former wife “does not have the earning capacity to support herself in the lifestyle commensurate with the lifestyle established by the
 
 *565
 
 husband for her during the marriage. The husband is temporarily expressing his own financial problems but has the ability to pay alimony to the wife over time.” The trial court does not provide any particulars regarding the former husband’s “financial problems” and does not discuss how his financial problems impact his ability to pay alimony. Although the trial court determined that the former husband had the “responsibility” to provide alimony, without factual findings concerning the funds he has available, we cannot determine whether the former husband
 
 actually
 
 has the ability to pay $5,000 per month in alimony.
 

 III. Child Support
 

 We review a trial court’s ruling on child support arrearages for an abuse of discretion.
 
 Thompson v. Thompson,
 
 989 So.2d 1237, 1239 (Fla. 4th DCA 2008). Although the trial court has discretion to determine how child support arrearages will be paid, it must take the paying spouse’s ability to pay into account.
 
 See Alois v. Alois,
 
 937 So.2d 171, 176 (Fla. 4th DCA 2006);
 
 Orsini v. Orsini,
 
 909 So.2d 558, 560 (Fla. 4th DCA 2005) (holding that the trial court abused its discretion in establishing an arrearages repayment plan without making any factual findings concerning the paying spouse’s ability to pay).
 

 Here, the trial court abused its discretion by establishing a repayment plan without making factual findings regarding the former husband’s ability to pay. Aside from generalized statements that the former husband and wife have “limited financial resources” and “no assets that could be utilized to provide income,” and that the former husband is “currently supporting himself,” the Final Judgment is devoid of information concerning the former husband’s financial resources. This constitutes reversible error under
 
 Alois
 
 and
 
 Or-sini.
 

 IV. Life Insurance and Bond Requirements
 

 We review a trial court’s interpretation of a statute de novo.
 
 City of Parker v. State,
 
 992 So.2d 171, 176 (Fla.2008).
 

 Under sections 61.13(l)(c) and 61.08, the court maintains discretion to order the paying spouse to “purchase or maintain a life insurance policy or a bond” to secure an award of child support or alimony. §§ 61.08(3), .13(l)(c), Fla. Stat. (2008).
 

 Generally, the conjunction “or” expresses the alternative and connotes a choice.
 
 See Pompano Horse Club v. State,
 
 93 Fla. 415, 111 So. 801, 805 (1927). When the language of a statute “is unambiguous and conveys a clear and definite meaning, that meaning controls unless it leads to a result that is either unreasonable or clearly contrary to legislative intent.”
 
 Tillman v. State,
 
 934 So.2d 1263, 1269 (Fla.2006).
 

 Here, the word “or” in sections 61.13(l)(c) and 61.08(3) indicate the trial court may choose to order a paying spouse to obtain a life insurance policy or a bond, but not both. Under the plain reading of these two statutes, the trial court erred by requiring the husband to obtain both life insurance and a bond to secure his alimony and child support obligations.
 

 Further, if a trial court orders a spouse to obtain life insurance, then it must make “specific findings as to the availability and cost of the policies and the impact of such cost on the husband.”
 
 Norman v. Norman,
 
 939 So.2d 240, 241 (Fla. 1st DCA 2006);
 
 Davidson v. Davidson,
 
 882 So.2d 418, 421 (Fla. 4th DCA 2004) (reversing and remanding the portion of a final judgment ordering the spouse to obtain life insurance because the trial court
 
 *566
 
 failed to make factual findings concerning the cost of the policy or the spouse’s ability to obtain or pay for it). “An order requiring a spouse to maintain a life insurance policy to secure alimony ‘is justified only if there is a demonstrated need to protect the alimony recipient.’ ”
 
 Forgione v. Forgione,
 
 845 So.2d 968, 969 (Fla. 4th DCA 2008) (quoting
 
 Moorehead v. Moorehead,
 
 745 So.2d 549, 552 (Fla. 4th DCA 1999)). The “demonstrated need” must be supported by competent, substantial evidence.
 
 Id.
 
 at 969-70.
 

 Here, the portions of the final judgment pertaining to the husband’s obligation to obtain life insurance are devoid of factual findings concerning the cost of the policy or his ability to obtain and pay for it, other than the general conclusion that “the husband can afford the cost of life insurance.” Under
 
 Davidson,
 
 the trial court erred as a matter of law by justifying its decision without factual findings supported by the evidence.
 

 Finally, when a trial court orders a spouse to obtain life insurance or a bond to secure a child support award, such an order must be supported by factual findings that it is “appropriately tailored to the obligation being secured.”
 
 Mackoul v. Mackoul,
 
 32 So.3d 741, 743 (Fla. 1st DCA 2010). We review a trial court’s imposition of a security requirement for an abuse of discretion.
 
 Watford v. Watford,
 
 605 So.2d 1313, 1315 (Fla. 4th DCA 1992).
 

 As we have explained, “[a] court may not order a child support payer to maintain excessive insurance, when taking into account the total amount of the child support obligation that the insurance is designed to secure.”
 
 Lakin v. Lakin,
 
 901 So.2d 186, 189 (Fla. 4th DCA 2005) (finding that the trial court imposed an excessive security when it required the husband to obtain a life insurance policy that was more than double the amount of the child support order).
 

 Here, the trial court ordered the former husband to obtain a $100,000 insurance policy
 
 as well as
 
 a $100,000 bond to secure his child support obligation. As explained above, if the husband pays child support until both minor children reach the age of eighteen, then the total child support obligation amounts to $25,800. If, on the other hand, both minor children remain in high school past the age of eighteen, but have a reasonable expectation of graduation before the age of nineteen, then the former husband’s total child support obligation amounts to $46,200. Even under the latter, more costly, scenario, the security imposed by the trial court far exceeds the former husband’s child support obligation. Under
 
 Lakin,
 
 a $200,000 security is not appropriately tailored to meet a $46,200 child support obligation, let alone a $25,800 obligation.
 

 Based upon the foregoing, we reverse the final judgment of dissolution of marriage and remand to the trial court for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 MAY, C.J., STEVENSON and GROSS, JJ., concur.