PER CURIAM.
John William Payton, Jr. appeals certain parts of a final judgment dissolving his marriage to Julie Anne East Payton. He raises numerous claims on appeal. We find merit as to his challenges regarding the amount of unpaid support arrearages, the amount of Ms. Payton’s monthly health *282 insurance expenses, the requirement that he obtain and maintain a $50,000 life insurance policy to secure his alimony obligation, and the amount awarded to Ms. Payton for permanent alimony. We have carefully considered the other issues on appeal and conclude that no reversible error has been demonstrated with respect to those claims.

Unpaid Support Arrearages

Upon Ms. Payton’s motion for temporary maintenance and support, the trial court ordered Mr. Payton to pay $1,750.00 per month to Ms. Payton during the pen-dency of the dissolution proceedings. The final judgment expressly provided that no previously established obligation was waived, and the trial court reserved jurisdiction to enforce any prior orders. Finding that, as of December 1, 2011, Mr. Payton owed $2,530.09 for past unpaid support arrearages, the court ordered him to pay down this amount at the rate of $200.00 monthly until it is fully paid.
During the November 2011 dissolution trial, Mr. Payton conceded he did not believe that he had paid all of the support he had been ordered to pay. He had no idea how much he owed Ms. Payton for October. At the end of the trial, Ms. Payton’s counsel stated that Mr. Payton had not paid $375.00 “for this month.” Counsel asked the court to “reserve” on this issue. In his motion for rehearing, Mr. Payton alleged he had faxed detailed payment records to Ms. Payton’s counsel for September through December indicating that Mr. Payton had paid support in the amount of $4,545.00, leaving an arrearage of $1,255.00, rather than the higher amount listed in the final judgment. The court denied the motion without explanation.
In this appeal, Mr. Payton contends that no evidence indicates he was in arrears for even $375.00, much less a higher amount. Our record does not demonstrate how the trial court calculated the $2,530.09. Absent competent, substantial evidence to show the basis for this amount of support arrearages, we reverse this determination and remand for more specific findings. See Tipton v. Crotty, 872 So.2d 976 (Fla. 5th DCA 2004) (reversing order modifying child support, absent competent, substantial evidence to support the $400.00 ordered to be paid in arrearages for past child support); Merian v. Merhige, 671 So.2d 175 (Fla. 3d DCA 1996) (on motion for rehearing and clarification).

Health Insurance Expenses

On her financial affidavit, Ms. Pay-ton fisted $300.00 in monthly health insurance expenses “for children common to both parties.” This refers to the parties’ seventeen-year-old daughter, who was expected to graduate from high school about six months after the dissolution trial. In the “monthly insurance” section, Ms. Pay-ton fisted an additional $300.00 a month for health insurance, excluding the portion paid for any minor children of this relationship. Mr. Payton contends that Ms. Payton erroneously calculated $300.00 twice for a single monthly expense and therefore overstated her monthly expenses. This contention is consistent with the trial court’s September 2011 Order on Motion for Temporary Relief, which found: “Wife has available a health, hospitalization, major medical, dental insurance policy and/or medical reimbursement plan that covers the family. This costs her $300.00 per . month.” Based on the inconsistency apparent from the face of the record, we direct the trial court to make findings regarding the actual cost of Ms. Payton’s health insurance obligation. See French v. French, 12 So.3d 278, 279-80 (Fla. 5th DCA 2009) (remanding for correction of erroneous calculations relating to monthly spousal expenses); Dennison v. Dennison, *283 650 So.2d 194 (Fla. 2d DCA 1995) (reversing and remanding order denying petition to modify alimony, where the court substantially miscalculated former husband’s expenses).

Life Insurance Requirement

In the final judgment, the court ordered Mr. Payton to obtain and maintain a life insurance policy in the amount of $50,000 to secure his alimony obligation. See § 61.08(3), Fla. Stat. (2010) (authorizing the court to order the payor to purchase or maintain a life insurance policy to secure alimony). Mr. Payton correctly asserts that no evidence was adduced regarding the reasonable availability of life insurance, the cost thereof, or his ability to pay. Absent any competent, substantial evidence and factual findings to support the $50,000 life insurance obligation, we reverse this award and remand for the court to make the requisite findings. See Galstyan v. Galstyan, 85 So.3d 561, 565-66 (Fla. 4th DCA 2012); Norman v. Norman, 939 So.2d 240, 241 (Fla. 1st DCA 2006) (finding error as a matter of law in the trial court’s ordering former husband to obtain two $125,000 life insurance policies to secure his alimony and child support obligations, absent specific findings concerning the availability and cost of the policies and the impact of the cost on the payor).

Permanent Alimony

Ms. Payton requested permanent alimony based on the parties’ twenty-year marriage, which is rebuttably presumed to be a long-term marriage under section 61.08(4), Florida Statutes (2010). She alleged her inability to support herself and Mr. Payton’s ability to pay $886.00 a month for permanent alimony. § 61.08(2), Fla. Stat. In the final judgment, the court determined that Ms. Payton needs more than the amount previously ordered for temporary maintenance and support, in addition to her income, to enjoy the standard of living established during the marriage. Given the other substantial financial obligations placed upon Mr. Payton, however, the court acknowledged its intent not to create a significant discrepancy between the parties’ incomes. See Chap. 2011-92, §§ 79-80, Laws, of Fla. (adding language and rewording section 61.08(9), Florida Statutes, effective July 1, 2011, to state that “[t]he award of alimony may not leave the payor -with significantly less net income than the net income of the recipient unless there are written findings of exceptional circumstances”). The judge found that no other form of alimony, except permanent alimony, is fair and reasonable under the parties’ circumstances. § 61.08(8), Fla. Stat. (2011). The court concluded that Ms. Payton’s request for $886.00 a month in permanent alimony is reasonable and appropriate under the circumstances. We affirm the determination that Ms. Payton is entitled to some amount of permanent alimony.
The general rule is that a former spouse should not be left “shortchanged” by marital obligations to the other former spouse. See Perez v. Perez, 11 So.3d 470, 473 (Fla. 2d DCA 2009) (supporting the conclusion that an award requiring one party to pay alimony or other marital obligations to the other party, in an amount significantly exceeding the payor’s ability to pay, is unsupported by competent, substantial evidence and constitutes an abuse of discretion); Hotaling v. Hotaling, 962 So.2d 1048, 1051 (Fla. 2d DCA 2007). Mr. Payton asserts on appeal that the cumulative effect of his court-ordered obligations placed Ms. Payton in a relatively secure financial posture approximating the marital standard of living, while leaving him with a substantial monthly deficit. The *284 figures from the parties’ most current financial affidavits in the record support Mr. Payton’s argument that the final judgment created a significant discrepancy in their monthly financial circumstances without judicial findings to justify the different treatment. Given the unresolved issues relating to the total cost of Ms. Payton’s health insurance, and the availability, cost, and Mr. Payton’s ability to pay life insurance, we recognize that the parties’ net incomes may also be different after the trial court makes findings on remand. Accordingly, we reverse the amount of permanent alimony and instruct the trial court either to award an amount that does not result in a significant disparity between the parties’ net incomes, or to make specific findings explaining why a different amount is appropriate.
For the reasons stated, we AFFIRM the final judgment in part, REVERSE it in part, and REMAND for further proceedings.
PADOVANO, ROWE, and RAY, JJ., concur.