PER CURIAM.
John W. Payton, Jr., appeals an order finding him in contempt, but which suspended enforcement conditioned upon his payment of a purge amount of $2,000. The order also required him to continue to pay $200 towards a new total arrearage amount due of $5,110.09.[1] The trial court also directed Mr. Payton to pay $500 toward his former wife’s attorney’s fees and to provide reimbursement of $256 for his half of a medical bill. He contests the total new arrearage amount of $5,119.09 because it is based, in part, on an amount this Court could not determine was based on competent, substantial record evidence in Payton v. Payton, 109 So.3d 280 (Fla. 1st DCA 2013) (Payton I), which issued forty-five days before issuance of the contempt order. In Payton I, the panel remanded the matter and directed that more specific findings be entered, which has not yet been done. As such, we find merit in Mr. Payton’s argument and reverse the Order on Motion for Contempt. On remand, the trial court shall recalculate the amount of new arrearage and purge, as necessary, after the trial court ensures compliance with this Court’s mandate in Payton I. We vacate the award of attorneys’ fees, leaving it to the trial court to make a de novo determination of entitlement on remand.
REVERSED and REMANDED.
PADOVANO, MARSTILLER, and MAKAR, JJ., concur.

. It appears that an addition error in the order explains the discrepancy between this total new arrearage amount and the sum of the prior support arrearage ($2,530.09) and the new balance owed ($2,589.00) which equals $5,119.09 (versus $5,110.09).