IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN WILLIAM PAYTON, JR.,
Husband,

     Appellant,

v.

JULIE ANNE EAST PAYTON,
Wife,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-0287

Opinion filed October 16, 2014.

An appeal from the Circuit Court for Duval County.
David C. Wiggins, Judge.

Lynn W. Martin, Orange Park, for Appellant.

Julie Anne East Payton, pro se, Appellee.

PER CURIAM.

     John William Payton, Jr., appeals an order finding him in contempt for

failure to pay a child support arrearage.  This order was the second order of

contempt entered against Mr. Payton. We reverse and remand for further proceedings.

In the first order of contempt, Mr. Payton was ordered, among other things, to pay $200 towards a child support arrearage, to provide reimbursement for one half of an outstanding medical bill, and pay the former wife's attorney's fees. After this initial contempt order entered, the judgment of dissolution was reversed in part, and the cause remanded. Payton v. Payton, 109 So.3d 280 (Fla. 1st DCA 2013) (Payton I). Because the first order of contempt was premised on the judgment of dissolution, reversed in part in Payton I, this court reversed the first order of contempt. Payton v. Payton, 120 So. 3d 676 (Fla. 1st DCA 2013) (Payton II). In the second order of contempt, the trial court again ordered Mr. Payton to pay child support as required by the judgment of dissolution, and to pay as well $200 per month towards the arrearage, directly to the former wife until an income deduction order was entered. The trial court further directed Mr. Payton to pay $500 toward his former wife's attorney's fees and to provide reimbursement of $256 for his half of an outstanding medical bill. Mr. Payton raises several issues on appeal, including the claim that because the second order of contempt is premised on the judgment of dissolution, which in pertinent part was reversed by this court, and on the first contempt order, which also was reversed, the second order must be reversed as well. We agree. On remand, the trial court shall

2

recalculate the amount of new arrearage and purge, as necessary, after consideration of this court's prior decisions in <u>Payton</u> I and <u>Payton</u> II. Further, we vacate the award of attorneys' fees, leaving it to the trial court to make a de novo determination of entitlement on remand upon proper proof.

REVERSED.

VAN NORTWICK, WETHERELL, AND MAKAR, JJ., CONCUR.