VAN NORTWICK, J.
Steven Lance Caine, the appellant and former husband, challenges several aspects of the final judgment of dissolution of marriage dissolving the union between him and Karen Annette Caine, the appellee and former wife. The appellant raises four issues on appeal. Because the trial court’s order did not reflect that it considered (i) the factors in section 61.077, Florida Statutes (2010) when it denied the appellant’s request for a set off of the amount of the fair rental value of the former marital home and (ii) evidence of the reasonable availability of insurance, the cost thereof, or appellant’s ability to pay before requiring that the husband maintain a $100,000 life insurance policy, we reverse and remand for further proceedings. We affirm as to all other issues raised on appeal.
With respect to the granting of credits or setoffs relating to the sale of the marital home, section 61.077, Florida Statutes (2010), provides:
A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties’ settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale. In the absence of a settlement agreement involving the marital home, the court shall consider the following factors before determining the issue of credits or setoffs in its final judgment:
(1) Whether exclusive use and possession of the marital home is being awarded, and the basis for the award;
(2) Whether alimony is being awarded to the party in possession and whether the alimony is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;
(3) Whether child support is being awarded to the party in possession and whether the child support is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;
(4) The value to the party in possession of the use and occupancy of the marital home;
(5) The value of the loss of use and occupancy of the marital home to the party out of possession;
(6) Which party will be entitled to claim the mortgage interest payments, real property tax payments, and related payments in connection with the marital home as tax deductions for federal income tax purposes;
(7) Whether one or both parties will experience a capital gains taxable event as -a result of the sale of the marital home; and
(8) Any other factor necessary to bring about equity and justice between the parties.
The final judgment is silent concerning the former husband’s entitlement to a credit or setoff for half the rental value of the former wife’s exclusive use and possession of the marital home. The final judgment does state that “[a]ll proceeds from the sale of this residence shall be equally divided by the parties after accounting for the expenses allocated to each party as stated above.” (emphasis in original). The trial court also explained at the close of day three of the trial that it was electing *862 not to charge the former wife for the fair rental value of her exclusive use and possession of the marital home because she would be solely responsible for the utilities from July 1, 2013, the other expenses were evenly split between the parties, and she was now paying half the costs associated with the parties’ yacht.
The statute is clear, however, that the eight factors enumerated in section 61.077 “shall be considered before determining the issue of credits or setoffs in [the] final judgment.” The record does not establish that the trial court considered those factors in the context of the credit/setoff issue, requiring remand for further proceedings. On remand, the trial court should specifically address the factors enumerated in section 61.077 and determine whether the former husband is entitled to a credit or setoff regarding the marital home.
Additionally, while section 61.08(3), Florida Statutes (2010), authorizes a trial court to “order any party who is ordered to pay alimony to purchase or maintain a life insurance policy ... [to] secure such alimony award,” in Payton v. Payton, 109 So.3d 280, 283 (Fla. 1st DCA 2013), we reversed and remanded the portion of a final judgment of dissolution of marriage that ordered a husband to maintain a $50,000 life insurance policy to secure a support obligation where “no evidence was adduced regarding the reasonable availability of life insurance, the cost thereof, or his ability to pay.” See also Winney v. Winney, 979 So.2d 396, 400 (Fla. 1st DCA 2008) (“A trial court may not order a party to obtain life insurance without making factual findings regarding the necessity of such coverage. Such findings must reflect consideration of the cost and availability of such insurance.”) (citations omitted).
Here, the record contains no evidence as to the availability, cost, or the former husband’s ability to pay for life insurance. We are constrained by our. precedent to reverse the portion of the final judgment requiring the former husband to maintain life insurance and remand to allow the trial court to make the necessary findings. See Payton, 109 So.3d at 283; see also Winney, 979 So.2d at 400.
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion. On remand, the trial court may reconsider the equitable distribution, as well as the child support and alimony awards, if necessitated by the final disposition of the credit/setoff and life insurance issues.
CLARK and SWANSON, JJ., concur.