DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT A. SMITH,**
Appellant,

v.

**CHRISTINE A. LOFFREDO-SMITH,**
Appellee.

No. 4D17-190

[November 29, 2017]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502011DR005912XXXXNB-FI.

Philip M. Chopin of Chopin & Chopin, LP, West Palm Beach, for appellant.

Craig A. Boudreau of Boudreau Law, West Palm Beach, for appellee.

FORST, J.

The final judgment of dissolution of marriage between the two parties followed legal proceedings that focused on the custody of, and financial support for, the couple's three children. Appellant Robert Smith now raises four issues on appeal, including the trial court granting Appellee Christine Loffredo-Smith sole parental responsibility for the children. Appellee cross-appeals, challenging the court's use of the "Model Parental Time Sharing Schedule," which significantly expanded Appellant's time with the children.

The standard of review for a child support award is abuse of discretion. *Canakaris v. Canakaris*, 382 So. 2d 1197, 1202-1203 (Fla. 1980); *McKenna v. McKenna*, 31 So. 3d 890, 891 (Fla. 4th DCA 2010). Abuse of discretion is generally limited to situations "[w]hen a trial judge's decision is irrational and inconsistent with established legal principles," *Thomas v. Thomas*, 724 So. 2d 1246, 1251 (Fla. 4th DCA 1999), "where no reasonable man would take the view adopted by the trial court." *Canakaris*, 382 So. 2d at 1203. Finding no abuse of discretion with respect to the child support award, with the one exception discussed below, we affirm the trial

court on all issues addressed by the appeal and the cross-appeal without further discussion. We find error with the award of arrearage and reverse on this issue, remanding it to the trial court for further proceedings.

## Background

Following the issuance of a temporary relief order in early 2013, Appellant began paying $1,249 a month in child support. These payments were discontinued following Appellant's hospitalization for over six months. He left the hospital permanently disabled, and in arrears of his support payments. Appellant started collecting $1,018 monthly in social security disability payments, but continued to not pay child support, until the final hearing for divorce. Neither party challenges the trial court's reduction in the level of prospective child support commencing with the final judgment of dissolution, in recognition of Appellant's current financial and employment status. However, Appellant does contest the imposition of the arrearage payment obligation, as well as the trial court setting the arrearage payments at the $1,249-a-month level.

## Analysis

The trial court erred in ordering Appellant to make arrearage payments that were as high as the temporary relief payments without first making a finding that Appellant actually possessed the ability to pay the arrearage. *See Orsini v. Orsini*, 909 So. 2d 558, 560 (Fla. 4th DCA 2005) (reversing and remanding on this issue because such a finding is required). Appellant certainly made a case for his inability to pay the arrearage: he was first in a coma for six months and, afterwards, without employment and fully dependent on his social security disability payments that were less in amount than his child support obligation. The trial court correctly recognized Appellant's post-hospitalization financial situation when it set his prospective child support obligation at $407, to be paid from his social security disability income. However, the court did not address Appellant's *ability* to pay his retrospective arrearage payments for the roughly one-year period preceding the final judgment of dissolution, a period during which he was hospitalized and subsequently without employment.

## Conclusion

The final judgment of dissolution is affirmed in all respects except for the issue of child support arrearage payments. On remand, the trial court must conduct a new needs and ability analysis with respect to the roughly one-year period for which arrearage payments were ordered, focusing on the purported reduction of Appellant's income during this timeframe

(counter-balanced by any social security disability payments he may have received for this interval).

*Affirmed in part, Reversed and Remanded in part.*

LEVINE and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***