# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3821
Lower Tribunal No. 2022DR-003161-0000-00

_____

TAMARA LYNN WOLVERTON,

Appellant,

v.

CHRISTOPHER WOLVERTON,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Keith P. Spoto, Judge.

November 26, 2025

TRAVER, C.J.

Tamara Wolverton ("Former Wife") appeals a final divorce judgment. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Former Wife challenges many aspects of the trial court's parenting, equitable distribution, and child support decisions, but only two points merit discussion. The trial court erred by failing to make written factual findings on the best interests factors contained in section 63.13, Florida Statutes (2023), when it issued its decision awarding shared parental responsibility to Christopher Wolverton ("Former Husband"). It also improperly

imputed income to Former Wife without sufficient supporting evidence. We remand for written findings on the trial court's shared parental responsibility decision and recalculation of its child support award. We otherwise affirm.

I.

Former Wife married Former Husband in 2016, and they have two children together. Before the parties' separation, they lived with five other children from Former Wife's previous relationship. In 2021, Former Wife petitioned for a domestic violence injunction against Former Husband, which she later dismissed. In 2022, Former Wife sought a sexual violence injunction against Former Husband on behalf of one of her children from her previous relationship. The trial court entered the injunction.

Following the injunction's issuance, Former Wife filed for divorce, in which she sought sole parental responsibility and child support. Former Husband counterpetitioned, seeking shared parental responsibility and a child support determination. Following a temporary relief hearing, the trial court restricted Former Husband's timesharing to supervised visitation. It also awarded child support to Former Wife. In calculating Former Husband's support obligation, it credited Former Wife's testimony that she was unemployed but soon expected to get a job that earned $1,050 per week. The trial court temporarily and without prejudice imputed this income amount to her.

2

In May 2023, the matter proceeded to trial, where the same judge who entered the injunction and temporary relief order presided. The trial court skillfully oversaw a professional and organized proceeding despite the acrimony between the parties and Former Wife's pro se status at the time. The parties both testified and called multiple witnesses. Trial testimony related to the parties' parenting and communication abilities, including their capabilities to honor a timesharing schedule, create a routine for their children, stay involved in school and extra-curricular activities, and more. This evidence conflicted, with Former Husband seeking to end his supervised visitation, and Former Wife demanding its continuation. The parties presented conflicting testimony on the domestic and sexual abuse allegation issues.

Former Wife also testified that she used to work as a server at a high-end restaurant, but it fired her for willful insubordination, and she had not yet obtained full-time employment. She insisted that she had to care for five minor children who lived with her without assistance while litigating her divorce, so she was working part-time for Instacart. She explained that she never secured the job that she said she could get at the temporary relief hearing and multiple other attempts to obtain full-time employment had failed.

When the trial ended, the trial court made oral factual findings and legal conclusions. It said that it "took into account all of the factors involved" in section

61.13(3), Florida Statutes, and found that shared parental responsibility was in the children's best interests. It gave Former Husband two unsupervised overnights per week and awarded remaining timesharing to Former Wife. It imputed $1,050 per week in income to Former Wife in imposing a child support obligation on Former Husband.

In September 2023, the trial court entered a written final judgment that included a detailed parenting plan. It found that shared parental responsibility and its parenting plan were in the children's best interests. It said that it "considered all relevant statutory factors concerning the best interests of the child, relative to parental responsibility, the parenting plan, and the time-sharing schedule." It listed the section 61.13(3) factors but did not make any specific findings about them, including the abuse evidence. The trial court imputed $1,050 in weekly gross income to Former Wife, consistent with its temporary child support order and oral ruling after trial.

Now represented by counsel, Former Wife filed a motion for rehearing. Relevant to our ruling, Former Wife argued that the trial court had made no written factual findings on the section 61.13(3) best interests factors, including abuse, even though she had presented evidence about abuse. She explained that while the 2022 version of section 61.13(3) in effect at trial did not require written findings on the best interests factors, the 2023 version in effect when the final judgment issued did.

4

She also reasoned that both versions required written findings on her abuse allegations. Former Wife separately contended that no competent, substantial evidence supported her imputed income. After the trial court denied her motion for rehearing without specifically addressing either issue, Former Wife appealed.

## II.

The trial court erred by failing to make written findings on the best interests factors. It also improperly imputed income to her when no competent, substantial evidence supported the award. We address these issues in turn.

## A.

We review the trial court's decisions on a parenting plan for an abuse of discretion. *See J.N.S. v. A.M.A.*, 194 So. 3d 559, 560 (Fla. 5th DCA 2016) (citing *Schwieterman v. Schwieterman*, 114 So. 3d 984, 987 (Fla. 5th DCA 2012)). Our interpretation of the timesharing statute, though, is de novo. *See Orosco v. Rodriguez*, 376 So. 3d 92, 94 (Fla. 6th DCA 2023) (citing *McGovern v. Clark*, 298 So. 3d 1244, 1248 (Fla. 5th DCA 2020)).

To evaluate whether the trial court erred in failing to make written findings under section 61.13(3), we must first determine which version of the statute applied. The 2023 version became effective between the trial's conclusion and the final judgment's entry. The 2022 version did not require written findings on the best interests factors. *See generally* § 61.13, Fla. Stat. (2022). By contrast, the 2023

5

version required written factual findings on all best interests factors. *See* §
61.13(2)(c)1., Fla. Stat. (2023) ("Except when a time-sharing schedule is agreed to
by the parties and approved by the court, the court must evaluate all of the factors
set forth in subsection (3) and make specific written findings of fact when creating
or modifying a time-sharing schedule."). These factors included "[e]vidence of
domestic violence, sexual violence, child abuse, child abandonment, or child neglect
. . . regardless of whether a prior or pending action relating to those issues has been
brought." § 61.13(3)(m), Fla. Stat. (2023).[1]

To the extent the 2023 statutory amendment required a trial court to include
specific factual findings in a timesharing order, it applied to the subsequently entered
judgment because it was procedural—i.e., it did not attach new legal consequences
to the trial that ended before its enactment.[2] *See Love v. State*, 286 So. 3d 177, 187
(Fla. 2019) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70 (1994)); *City*

---

[1] Although only the 2023 version of the statute required the trial court to make
specific findings regarding evidence of "domestic violence, sexual violence, child
abuse, child abandonment, or child neglect," both the 2022 and 2023 versions
required the trial court, if it "accept[ed] evidence of prior or pending actions
regarding" such matters, to "specifically acknowledge in writing that such evidence
was considered when evaluating the best interests of the child." *Compare* §
61.13(3)(m), Fla. Stat. (2022), *and* § 61.13(3)(m), Fla. Stat. (2023).

[2] Former Wife does not argue that the 2023 version applies to any other aspect
of this appeal. We otherwise apply the 2022 version based on her acknowledgment
of (1) its applicability, (2) the substantive nature of its provisions to the remaining
appellate issues, and (3) the legal consequences of its application at trial.

*of Lakeland v. Catinella*, 129 So. 2d 133, 136–37 (Fla. 1961) ("[S]tatutes relating to . . . procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against retrospective operation of statutes." (citing *Cunningham v. State Plant Bd. of Fla.*, 112 So. 2d 905, 906 (Fla. 2d DCA 1959))).  Former Wife preserved this issue for our review by raising it in her motion for rehearing.  *See* Fla. Fam. L.R.P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").

The trial court erred by not making written findings on the section 61.13(3) factors that supported its determination of shared parental responsibility, including the abuse allegations that Former Wife raised at trial.  On remand, the trial court must enter an amended final judgment that includes these written findings.  This does not require a new trial unless the trial court cannot make the necessary determinations from the trial transcript.  We do not disturb the trial court's shared parental responsibility finding unless its written findings cannot justify it.  *See* § 61.13(2)(c)2., Fla. Stat. (2022) ("The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child. . . . Whether or not there is a

7

conviction of any offense of domestic violence or child abuse or the existence of an injunction for protection against domestic violence, the court shall consider evidence of domestic violence or child abuse as evidence of detriment to the child.").

B.

We review a child support award for an abuse of discretion. *See Phara v. Robert*, 406 So. 3d 983, 984 (Fla. 3d DCA 2025) (citing *Smith v. Loffredo-Smith*, 230 So. 3d 898, 899 (Fla. 4th DCA 2017)). We assess a trial court's findings supporting imputation of income for competent, substantial evidence. *See Girard v. Girard*, 351 So. 3d 27, 30 (Fla. 4th DCA 2022) (citing *Niederman v. Niederman*, 60 So. 3d 544, 550 (Fla. 4th DCA 2011)).

Subject to exceptions not relevant to this appeal, trial courts "shall" impute monthly income if they find a parent is voluntarily unemployed or underemployed. *See* § 61.30(2)(b), Fla. Stat. (2022). Trial courts determine an unemployed or underemployed parent's employment potential and probable earning level "based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available." *See id*.

No competent, substantial evidence supported the trial court's imputation of income. As the party seeking to impute income, Former Husband had the burden to show "both employability and that jobs are available." *See Jorgensen v. Targarelli*, 312 So. 3d 505, 507 (Fla. 5th DCA 2020) (quoting *Dottavino v. Dottavino*, 170 So.

8

3d 98, 100 (Fla. 5th DCA 2015)). He adduced no evidence on Former Wife's job search, her potential earning capacity, or available positions. Former Husband also did not challenge Former Wife's testimony that she could not obtain full-time employment because she was caring for the five minor children who lived with her without assistance. The trial court imputed income to Former Wife based on her testimony at a temporary hearing that occurred over ten months before trial. But Former Wife said that her stated expectations of getting a job at that income never came to fruition, and multiple other attempts to obtain work had failed. Based on our record, the trial court's decision to impute $1,050 per week to Former Wife had no factual basis supporting it. This, in turn, affected the trial court's child support award. On remand, the trial court must recalculate the child support award based on the parties' current earning abilities, taking evidence as needed. *See Jorgensen*, 312 So. 3d at 507.

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

SMITH and GANNAM, JJ., concur.

Debra J. Sutton, of Sutton Law Firm, Bartow, for Appellant.

Christopher Wolverton, Lakeland, pro se.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED