PER CURIAM.
Former husband appeals a contempt order. The trial court found that the former husband willfully divested himself of his ability to pay alimony by transferring his interest in a business for insufficient consideration in order to avoid paying his obligations for his former wife. The trial court held Appellant in civil contempt and directed that he be incarcerated until he satisfies a purge amount of $2,500.
We affirm the portion of the order finding the former husband in contempt. However, we reverse the portion directing Appellant’s immediate incarceration. A finding that a contemnor had willfully divested himself of the ability to pay support is not a sufficient substitute for finding a present ability to pay, a prerequisite to incarceration for civil contempt. Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997); Zdravkovic v. Zdravkovic, 684 So.2d 822 (Fla. 4th DCA 1996); Galligher v. Galligher, 643 So.2d 706 (Fla. 4th *703 DCA 1994); Campbell v. Campbell, 571 So.2d 555 (Fla. 4th DCA 1990).[1]
We note that based on the trial court’s prior experience with this ease either from the divorce trial or other unspecified hearings, the trial court was apparently convinced that Appellant had the ability to control business funds despite his “sale” of the business. Hoivever there is no such evidence in the record before this court. That is, there is nothing in the transcript and record of the April 24, 1997, hearing that resulted in Appellant’s present incarceration that allows this court to ascertain the source of the trial court’s knowledge.
Accordingly, this case is remanded for further proceedings. On remand the trial court may reexamine Appellant’s present ability to pay.
STONE, STEVENSON and SHAHOOD, JJ., concur.

. We have considered application of the presumption articulated in section 61.14(5)(a), Fla. Stat. (1995). However our review of the record convinces us that the trial court's findings were not based on a presumption. Moreover, the trial court's express findings that appellant willfully divested himself of the business negate the presumption.