PER CURIAM.
The former wife appeals a contempt order for failure to pay child support and an attorney’s fees judgment. Among other issues, she argues that the trial court erred in ordering attorney’s fees when the former husband failed to produce a financial affidavit. We affirm the contempt order, but agree that the attorney’s fees judgment should be reversed.
The former husband filed a motion for contempt based on the former wife’s failure to make child support payments. He also requested that the court award him attorney’s fees. The former wife filed a Request to Produce Current Financial Affidavit and Support Ledger Sheet. At the hearing on the motion for attorney’s fees, the former wife advised the court that she had not received the required financial affidavit from the former husband. Nevertheless, the trial court awarded attorney’s fees to the former husband.
“Any party in an enforcement or contempt proceeding may serve upon any other party a written request to file and serve a financial affidavit if the other party’s financial circumstances are relevant in the proceeding.” Fla. Fam. L.R.P. 12.287. Further, “[bjeeause the contempt proceedings arose in the context of a dissolution involving custody, the trial court must determine need and ability to pay before awarding attorney’s fees.” Keitel v. Keitel, 716 So.2d 842, 844 (Fla. 4th DCA 1998). Without requiring the former husband to provide the requested financial affidavit, neither the former wife nor the trial court had the requisite information for determining the issue of attorney’s fees. We therefore reverse the attorney’s fees judgment. We find no error in the other issues raised.
REVERSED AND REMANDED.
*450 POLEN, MAY, JJ., and DAMOORGIAN, DORIAN, Associate Judge, concur.