TAYLOR, J.
Appellant, Ivelesse Peterson, is the former wife of appellee, Vincent De Luca. She has primary custody of the parties’ two minor children. In this appeal she challenges: 1) the trial court’s refusal to hold the former husband in contempt for drinking in front of the children in violation of the dissolution decree; 2) the trial court’s decision to hold her in contempt for denying the former husband visitation; 3) the trial court’s refusal to modify the dissolution decree to require alcohol and/or anger management counseling by the former husband as a condition of visitation; and 4) the trial court’s award of $1,500 in attorney’s fees to the former husband. We affirm, concluding that the trial court acted within its broad discretion in ruling on the contempt motions and in declining to modify the conditions of visitation. See Northstar Invs. & Dev., Inc. v. Pobaco, 691 So.2d 565, 566 (Fla. 5th DCA 1997) (stating that a judgment of contempt will not be overturned unless a clear showing is made that the trial court abused its discretion); Teta v. Teta, 297 So.2d 642, 646 (Fla. 1st DCA 1974) (stating that the trial court has broad discretion in its continuing jurisdiction over visitation orders).
However, the trial court erred in awarding the former husband attorney’s fees. “Any determination regarding an appropriate award of attorney’s fees in proceedings for dissolution of marriage, support, or child custody begins with section 61.16, Florida Statutes (1995).” Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). That statute provides:
(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the costs to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings ....
§ 61.16, Fla. Stat. (2005). “The purpose of this section is to ensure that both parties will have a similar ability to obtain competent legal counsel.” Rosen, 696 So.2d at 699.
A trial court cannot award attorney’s fees without making findings as to one spouse’s ability to pay fees and the other spouse’s need to have the fees paid. Gaetani-Slade v. Slade, 852 So.2d 343, 347 (Fla. 1st DCA 2003); Perrin v. Perrin, 795 So.2d 1023, 1024-25 (Fla. 2d DCA 2001); see also Knoff v. Knoff, 751 So.2d 167, 170 (Fla. 2d DCA 2000). In this case, because no evidence was submitted on these matters, the trial court lacked a basis for *754 making any such findings. We therefore reverse the attorney’s fee award to the former husband.
We note that the former husband alleged, as his sole ground for attorney’s fees, that the former wife had engaged in “excessive, frivolous litigation.” We disagree. Although the former wife lost on all issues, the former wife’s positions below were not so lacking in merit as to independently justify an attorney’s fee award against her. See Rosen, 696 So.2d at 700 (courts may consider the merits of the parties respective positions as a factor in deciding attorney fee entitlement).

Affirmed in part and Reversed in part.

FARMER and SHAHOOD, JJ„ concur.