974 So.2d 1220 (2008)
Stavre JANESKI, Appellant,
v.
Vase JANESKA, Appellee.
No. 2D07-2914.
District Court of Appeal of Florida, Second District.
February 29, 2008.
Cynthia J. Dienstag, Miami, for Appellant.
Vase Janeska, pro se.
GALLEN, THOMAS M., Associate Senior Judge.
Stavre Janeski, the former husband, appeals the trial court's order rendered May 30, 2007, granting a writ of bodily attachment based on his failure to comply with its order of February 27, 2007, which granted the former wife's motion for contempt and to enforce her award of alimony. Postjudgment contempt orders are appealable under Florida Rule of Appellate Procedure 9.130(a)(4). Remington v. Remington, 705 So.2d 920, 921 (Fla. 4th DCA 1997). We reverse the order and remand with directions to vacate the writ of bodily attachment.
The parties executed a marital settlement agreement which was incorporated in the trial court's amended final judgment of dissolution rendered August 24, 2006. The agreement provided that the former husband was to pay his former wife the total sum of $270,000 in alimony payable in installments of $54,824.18 contemporaneous with the signing of the agreement, $107,587.91 by August 31, 2006, and $107,587.91 by March 1, 2007.
Upon the former husband's failure to pay the August 31, 2006, installment, the former wife filed a motion for contempt *1221 and to enforce. There is no record of a hearing on that motion, but the former wife filed a new "emergency" motion for contempt and to enforce on December 4, 2006, which the trial court granted, apparently without a hearing, on February 27, 2007. The trial court found the former husband in contempt, found that he had the "present ability to pay," established an eight-week payment schedule, and provided that nonpayment by the former husband would result "without further hearing" in an immediate writ of bodily attachment for incarceration until "purge or the expiration of eight weeks, whichever shall occur first."
Upon the former husband's continued failure to pay, the former wife filed a new motion for contempt and to enforce and noticed the motion for hearing on April 25, 2007. The former husband did not appear at the hearing, although he was represented by counsel who argued that the trial court could not imprison the former husband without a new finding that he did currently have a "present ability to pay." In support of the argument that the former husband did not have the present ability to pay, counsel proffered the testimony of a financial representative of the former husband. The trial court rejected the proffered testimony. The former wife was represented but offered no evidence that the former husband did have the present ability to pay.
Following the hearing, the trial court rendered its order finding that the former husband "has been previously found to have the ability to pay . . . and continues to have the present ability to pay all amounts previously ordered." Because there was no evidence supporting the former husband's then present ability to pay, the trial court apparently relied on the presumption created by a prior judgment that "the defaulting party has the ability to pay," unless that party presents evidence to the contrary. Bowen v. Bowen, 471 So.2d 1274, 1280 (Fla.1985). The trial court ordered that a writ of bodily attachment "shall immediately issue for the Former Husband's failure to comply with the Court's Order of February 27, 2007."
We agree with the former husband that the trial court abused its discretion in ordering the writ of bodily attachment under the circumstances here. In Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997) (superseded by rule as noted below), Pompey, the defaulting party, did not appear at the hearing to offer evidence to rebut the presumption based on a prior order that he had the ability to pay. Pompey was ordered incarcerated until payment of the purge amount. The Fourth District held:
Incarceration is an option only if the trial court "makes a separate, affirmative finding" that the contemnor possesses the present ability to comply with the purge amount. . . . There is nothing in this record to show that Pompey could pay a purge amount of $22,100 and thus secure his release from incarceration.
The trial court must have some affirmative evidence before it that the obligor has the "keys to his cell" in his pocket. . . . If the contemnor must have the keys to the cell in his pocket, they cannot be made of paper presumptions when cold hard cash . . . is required to get out of jail.
Id. at 1015 (citations omitted). This court cited Pompey with approval in Akridge v. Crow, 903 So.2d 346, 351-52 (Fla. 2d DCA 2005), while pointing out that since Pompey was decided, the supreme court has adopted a rule of procedure for contempt in family law cases which codifies the case law. Florida Family Law Rule of Procedure 12.615(c)(2)(B) provides that in any *1222 civil contempt hearing where the alleged contemnor fails to appear, the trial court must "set a reasonable purge amount based on the individual circumstances of the parties." The trial court may then issue a writ of bodily attachment but must "direct that, upon execution of the writ . . . the alleged contemnor be brought before the court within 48 hours for a hearing on whether the alleged contemnor has the present ability to pay support and, if so, whether the failure to pay such support is willful." Id. Further, subsection (e) provides:
The court shall include in its order [of incarceration] a separate finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding. . . . Upon incarceration, the contemnor must be brought before the court within 48 hours for a determination of whether the contemnor continues to have the present ability to pay the purge.
Fla. Fam. L.R.P. 12.615(e).
In this case, the trial court simply relied on its prior findings and its prior purge amount and presumed the former husband continued to have the "present ability to pay" that amount. Since the trial court did not comply with the requirements of rule 12.615, we must reverse the order and remand with directions to vacate the writ of bodily attachment.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.