DAMOORGIAN, J.
 

 Appellant, Robert Stanley Powell (“Husband”), appeals the final judgment in his dissolution of marriage action. Among other things, Husband contends that the trial court abused its discretion by awarding Appellee, Selene Powell (“Wife”), a portion of her attorney’s fees and in granting the Wife’s motion for contempt for failing to pay the fee award. We affirm the final judgment in all respects, except we reverse the attorney’s fee award and vacate the contempt order.
 

 The Wife filed a petition for dissolution of marriage seeking, among other things, rehabilitative alimony and attorney’s fees. In its final judgment, the trial court dissolved the parties’ marriage, awarded rehabilitative alimony, ordered equitable distribution, and ordered the Husband to contribute to the Wife’s attorney’s fees. The Husband moved for reconsideration solely on the issue of attorney’s fees, alleging it was not possible for him to comply with the order due to his financial circumstances. In response, the Wife filed a motion for contempt to enforce the award of attorney’s fees, alleging the Husband had willfully failed to pay. Next, the Husband filed a renewed motion for reconsideration and opposition to the Wife’s motion for contempt. The trial court granted the Wife’s motion, and denied the Husband’s motion. The Husband claims that the trial court committed reversible error by ordering him to pay the Wife’s attorney’s fees without making the requisite findings concerning reasonableness and in granting the Wife’s motion for contempt to enforce the improper attorney’s fee award.
 

 The law is well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors.
 
 See Fla. Patient’s Comp. Fund v. Rowe,
 
 472 So.2d 1145, 1151 (Fla.1985);
 
 see also Macarty v. Macarty,
 
 29 So.3d 434, 435 (Fla. 2d DCA 2010) (“ ‘[A]n award of attorney’s fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings.’ ” (quoting
 
 Esaw v. Esaw,
 
 965 So.2d 1261, 1265 (Fla. 2d DCA 2007))). “The presence of competent substantial evidence to support the award does not obviate the need for such specific findings.”
 
 Hoffay v. Hoffay,
 
 555 So.2d 1309, 1310 (Fla. 1st DCA 1990).
 

 Here, the final judgment contains no findings regarding the number of hours
 
 *710
 
 reasonably expended and the appropriateness of reduction or enhancement factors. Further, because we conclude the attorney’s fee award was improper, the Husband cannot be held in contempt for failure to pay the award.
 

 Accordingly, we reverse the attorney’s fees award and vacate the contempt order for failing to pay the fees award. On remand, if the trial court again awards the Wife attorney’s fees, it must make the findings necessary to support the entitlement to and the amount of fees awarded.
 

 Affirmed in part; Reversed in part and Remanded for further proceedings consistent with this opinion.
 

 MAY and LEVINE, JJ., concur.