STEVENSON, J.
In this dissolution proceeding, appellant, Gustavo Ramirez, challenges a non-final order finding him in contempt and ordering incarceration as a sanction for failing to make support payments to appellee, Diana Ramirez, pursuant to a previously-entered temporary relief order. We reverse because the order on appeal fails to include the required findings that appellant had the present ability to pay the support and that he willfully refused to comply with the prior court order, and fails to contain a recital of the facts on which those findings were based. See Fla. Fam. L.R.P. 12.615(d)(1) (2011). Additionally, if incarceration is ordered as a sane *435 tion as in the instant case, the trial court must include in the order “a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding.” Fla. Fam. L.R.P. 12.615(e). Those findings were also not included in the order on appeal. Compare Larsen v. Larsen, 854 So.2d 293, 294-95 (Fla. 4th DCA 2003) (reversing order finding appellant in contempt and recommending incarceration where order failed to find that appellant had the ability to comply with prior order or had the present ability to comply with the purge).
Accordingly, we reverse the order finding appellant in contempt. Further, on remand we direct that a new evidentiary hearing be held because appellant, over objection, was prevented from presenting rebuttal evidence before the contempt order was entered. A person facing civil contempt is entitled to notice and an opportunity to be heard. See Bresch v. Henderson, 761 So.2d 449, 451 (Fla. 2d DCA 2000). Although appellant had been called to the witness stand by appellee and testified on direct and cross-examination, he was not allowed to present his own case in rebuttal. By preventing appellant from presenting any rebuttal evidence, he was denied the opportunity to be heard. See Hipschman v. Cochran, 683 So.2d 209, 211 (Fla. 4th DCA 1996) (“There must be a hearing before incarceration, where a con-temnor may challenge the allegation of noncompliance and defend on the ground that he does not have the present ability to pay....”).

Reversed and remanded for further proceedings.

WARNER and CONNER, JJ„ concur.