CONNER, J.
In this consolidated appeal, Daniel Joseph Brennan (“Former Husband”) appeals the final judgment of dissolution of marriage and the post-judgment order adjudicating him in contempt pursuant to two motions filed by Marianne K. Brennan (“Former Wife”). On appeal, Former Husband raises seven issues contending the trial court erred as to the final judgment dissolving the marriage, equitably dividing assets, and determining issues of alimony and child support. As to the orders finding him in contempt and enforcing the final judgment, he raises four issues, one of which has three subparts. All issues that do not follow below, we affirm without discussion.

The Final Judgment

Equitable Distribution of the Marital Home

We reverse the trial court’s decisions regarding equitable distribution. A trial court is obligated to identify, value, and distribute the marital and non-marital assets and liabilities. Crooks v. Crooks, *926 967 So.2d 969, 970 (Fla. 4th DCA 2007). The temporary use of the marital home was awarded to Former Wife “until the full implementation of the equitable distribution schedule”; however, without Exhibit “A” attached to the final order, no findings awarding the equity in the home can be discerned from the record. Moreover, even though the trial court awarded equity in the marital home to Former Wife, it failed to indicate if there was a shift in title. Also, the Former Wife requested partition. Where a request for partition complies with section 64.041, Florida Statutes (2010), and is not contested by the opposing party, failure to divide the property is reversible error. Pantuso v. Pantuso, 335 So.2d 861, 862 (Fla. 2d DCA 1976). Because the trial court did not properly rule concerning the marital residence, the entire scheme of equitable division devised by the trial court may need revision. See Sweeney v. Sweeney, 583 So.2d 398, 399 (Fla. 1st DCA 1991) (remanding for reconsideration of the entire equitable distribution scheme because the portion of the scheme which was entered in error may have affected the overall plan).

Imputation of Income to Former Wife

We reverse on this issue. When imputing income at an amount other than the median income, a trial court is required to make specific findings, which are supported by competent substantial evidence. § 61.30(2)(b)l., Fla. Stat. (2011). The trial court failed to make a finding as to whether Wife’s unemployment was either voluntary or involuntary; it did not find whether she was able to obtain employment, only that she was able to seek employment. Former Wife explained that $36,000 is the starting salary for an entry level member of her profession. Her expert explained that a starting level employee in her position could make at minimum $25,000. Given this testimony, an imputation of income at a rate of $15,000 a year is unsupported by the evidence.

The Minor Child’s Private School Tuition

We reverse on this issue. A trial court is permitted to require a noncustodial parent to pay for private school only if it finds: (1) the parent has the ability to pay for private school, (2) the expense is in accordance with the family’s established standard of living, and (3) attendance is in the child’s best interest. Gelman v. Gelman, 24 So.3d 1281, 1283 (Fla. 4th DCA 2010). Where the trial court has failed to make each of the required factual findings, reversal is required. McDaniel v. McDaniel, 835 So.2d 1265, 1268 (Fla. 1st DCA 2003). The trial court failed to make findings regarding whether Former Husband was able to pay the additional expense.

Life Insurance to Secure Alimony and Child Support

We reverse on this issue. “[I]f a trial court orders a spouse to obtain life insurance, then it must make ‘specific findings as to the availability and cost of the policies and the impact of such cost on the husband.’ ” Galstyan v. Galstyan, 85 So.3d 561, 565 (Fla. 4th DCA 2012) (citation omitted). The trial court failed to make any findings regarding the necessity or cost of the insurance. The trial court’s only comment on availability of insurance required Former Husband to maintain the life insurance policy “so long as it is reasonably available,” but it failed to detail the parameters of availability. As such the requirement of maintaining life insurance must be reversed for the trial court to make the required findings. Id. We also remind the trial court that the amount of life insurance required must not exceed *927 the support obligation. Foster v. Foster, 83 So.3d 747, 749 (Fla. 5th DCA 2011).

Former Wife’s Attorney’s Fees and Costs as of Final Hearing

We reverse on this issue because where equitable distribution is reversed on appeal, it may be appropriate to reexamine attorney’s fees to determine if the redistribution of assets and liabilities affects the award for attorney’s fees. Segall v. Segall, 708 So.2d 983, 989 (Fla. 4th DCA 1998).

Orders of Contempt

Former Wife’s Enforcement Attorney’s Fees as Additional Purge

We reverse the order requiring Former Husband to pay Former Wife’s attorney’s fees for enforcement as an additional purge amount. The record does not contain a current financial affidavit for the Former Wife as of the contempt hearings. She testified regarding her current financial circumstances, and she testified about her inability to meet bills as they become due. However, she failed to testify as to the assets she currently possessed, her current monthly income, or any additional liabilities above her mortgage and home equity loan. Thus, she did not adequately demonstrate her need for attorney’s fees. Sobel v. Sobel, 873 So.2d 449 (Fla. 4th DCA 2004).

Adjudicating Contempt Without Sufficient Evidence and Assessing Purge Without Identifying Source of Payment

This court has previously found that where an award is improper and requires reversal, a finding of contempt based upon such award must also be reversed. Powell v. Powell, 55 So.3d 708, 710 (Fla. 4th DCA 2011) (explaining that contempt based upon failure to pay an attorney’s fees award, which was unsupported by the required findings, also required reversal). Because we reverse the award of alimony and child support, we reverse the determination that Former Husband is in contempt.
On remand, we note that the trial court needs to identify the source of payment for the purge amount only if a coercive sanction is imposed. Aburos v. Aburos, 34 So.3d 131, 134 (Fla. 3d DCA 2010) (explaining that if incarceration is ordered, a separate, affirmative finding of present ability to pay the purge must accompany it).

Error in Calculation of the Amount of Arrearage

“Absent competent, substantial evidence to show the basis for th[e] amount of support arrearages,” reversal and remand for more specific findings is appropriate. Payton v. Payton, 109 So.3d 280, 282 (Fla. 1st DCA 2013). According to the Support Enforcement Ledger dated July 13, 2012, Former Husband was behind on payments in the amount of $18,506.19. Former Wife testified that the amount owed totaled $19,246. Former Wife indicated that her testimony was the product of a sheet and calculation that she herself had prepared. She went through each payment that she received; however, there was no additional indication as to how this amount was established. The trial court established that the purge amount was $19,246. Because of the failure to demonstrate how the $19,246 in arrearages was calculated, we reverse on this issue and remand for more specific findings as to how the amount was calculated.

Affirmed in part; reversed in part and remanded.

DAMOORGIAN, C.J., and STEVENSON, J., concur.