DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROCCO JAMES NAPOLI,**
Appellant,

v.

**SUSAN CAMPBELL NAPOLI,**
Appellee.

No. 4D14-234

[July 16, 2014]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy Smith, Judge; L.T. Case No. 502012DR008787XXXXNB.

John J. O'Hara of the O'Hara Law Group, P.A., Boca Raton, and Carla T. Reece of Canaveral Legal Group, P.L., Cocoa, for appellant.

John A. Kovarik of John A. Kovarik, Esq. P.A., Tequesta, for appellee.

DAMOORGIAN, C.J.

Rocco James Napoli ("Husband") appeals the trial court's order holding him in contempt for failure to pay temporary spousal support to Susan Campbell Napoli ("Wife"). We reverse and remand for further proceedings because the trial court's contempt order does not contain the written findings required by rule 12.615 of the Florida Family Law Rules of Procedure. The Husband raises several other challenges to the contempt order, which we reject without further comment.

During the pendency of the parties' divorce case, the trial court entered a temporary relief order requiring the Husband to pay spousal support to the Wife. The Husband did not comply with the payment schedule set forth in the order and the Wife moved to hold him in

contempt. After a hearing on the Wife's motion,[1] the trial court entered an order finding the Husband in "direct civil contempt of court for his failure to comply with a valid Court order despite his ability to do so." The contempt order states that the Husband failed to pay "a single dollar of alimony to the Wife." It also provides for the Husband's incarceration unless he pays the purge amount of $2,500 within fifteen days of the order. This appeal follows.

"A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless . . . the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error." *DeMello v. Buckman*, 914 So. 2d 1090, 1093 (Fla. 4th DCA 2005). On appeal, the Husband argues that the trial court's written contempt order is legally deficient. We agree and reverse.

When a trial court finds that a civil contempt has occurred, it must enter a written order containing:

> a finding that a prior order of support was entered, that the alleged contemnor has failed to pay part or all of the support ordered, that the alleged contemnor had the present ability to pay support, *and that the alleged contemnor willfully failed to comply with the prior court order.* The order shall contain *a recital of the facts on which these findings are based.*

Fla. Fam. L. R. P. 12.615(d)(1) (emphasis added); *see also Ramirez v. Ramirez*, 84 So. 3d 434, 434 (Fla. 4th DCA 2012) (reversing contempt order because it did not "include the required findings that appellant had the present ability to pay the support and that he willfully refused to comply with the prior court order, and fail[ed] to contain a recital of the facts on which those findings were based"). If the court imposes incarceration as a sanction, the order must also contain "'a separate affirmative finding that the contemnor has the present ability to comply

---

[1] Because there is no transcript of the contempt proceeding, we are unable to review the evidence presented or any of the findings made by the trial court during the hearing. However, even without a transcript, we can still review the trial court's written contempt order to make sure that it contains the required findings. *See Connolly v. Connolly*, 543 So. 2d 356, 357 (Fla. 2d DCA 1989) (remanding for further proceedings because the trial court failed to make a finding in its written order that appellant had the ability to pay the purge amount and there was no transcript of the proceedings reflecting appellant's ability to pay).

with the purge and the factual basis for that finding.'"  *Ramirez*, 84 So. 3d at 434–35 (quoting Fla. Fam. L. R. P. 12.615(e)).

We hold that the written contempt order in this case does not comport with these requirements.  First, the contempt order does not contain an express finding that the Husband willfully failed to comply with the court's temporary relief order.  Second, the contempt order does not articulate the facts supporting the court's conclusion that the Husband had the ability to comply with the court's prior order.  Finally, the contempt order sanctions the Husband with incarceration but does not contain a separate, affirmative finding that he had the present ability to comply with the purge.

For these reasons, we reverse the contempt order and remand the case to the trial court for further proceedings.  *See Connolly*, 543 So. 2d at 357.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***