DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARTIN WIESENTHAL,**
Appellant,

v.

**YVONNE L. WIESENTHAL,**
Appellee.

No. 4D12-2807

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan Greenhawt, Judge; L.T. Case No. 04-4308 FMCE.

Douglas R. Bell of the Law Offices of Bell & Bell, Fort Lauderdale, for appellant.

No brief filed for appellee.

STEVENSON, J.

In the instant appeal, the former husband challenges a June 2012 order holding him in contempt for failing to pay both alimony and $18,000 in attorney's fees previously awarded to the former wife and requiring him to pay additional attorney's fees to the former wife totaling $3,075. The former husband insists the June 2012 order of contempt must be reversed because the trial court's findings that he has the present ability to pay and that his failure to pay was willful and intentional are not supported by competent substantial evidence and because the order is itself deficient for a variety of reasons. We reject all these arguments without further comment and affirm the June 2012 contempt order to the extent it is predicated upon the former husband's failure to pay alimony. We are compelled, however, to reverse the contempt order to the extent it is predicated upon the failure to pay the $18,000 in attorney's fees previously awarded and to the extent it awards additional attorney's fees to the former wife.

The $18,000 attorney's fee award underlying the June 2012 contempt was the subject of the companion appeal in consolidated case numbers 4D11-3501, 4D11-4400 and 4D12-3515. In that appeal, we reversed the

fee award as it was not supported by the requisite factual findings regarding the parties' respective financial circumstances and need and ability to pay. The reversal of the underlying fee award necessitates reversal of the June 2012 contempt order to the extent it was predicated upon the failure to pay such fees. *See, e.g., Brennan v. Brennan*, 122 So. 3d 923, 927 (Fla. 4th DCA 2013) ("This court has previously found that where an award is improper and requires reversal, a finding of contempt based upon such award must also be reversed.").

As for the $3,075 in additional fees awarded to the former wife, it suffers from the same deficiencies that required reversal of the $18,000 fee award—it is not supported by the required factual findings. *See Peterson v. DeLuca*, 936 So. 2d 752, 753 (Fla. 4th DCA 2006) ("A trial court cannot award attorney's fees without making findings as to one spouse's ability to pay fees and the other spouse's need to have the fees paid."); *see also Glass v. Glass*, 49 So. 3d 867 (Fla. 4th DCA 2010) (reversing fee award where order contained a finding that husband had the ability to pay, but no finding of need on the part of wife). The matter of the additional attorney's fees is remanded to the trial court, with directions that the trial court reconsider the issue after making specific factual findings regarding the parties' net incomes and financial circumstances and findings regarding both the ability to pay fees and the need thereof.

*Affirmed in Part; Reversed in Part; and Remanded.*

MAY and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***