DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARTIN WIESENTHAL,**
Appellant,

v.

**YVONNE L. WIESENTHAL,**
Appellee.

Nos. 4D11-3501, 4D11-4400 & 4D12-3515

[January 7, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan Greenhawt, Judge; L.T. Case No. 04-4308 FMCE.

Douglas R. Bell of the Law Offices of Bell & Bell, Fort Lauderdale, for appellant.

Tracy Belinda Newmark and Natalie Suzanne Kay of The Newmark Law Firm, P.A., Fort Lauderdale, for appellee.

STEVENSON, J.

In this consolidated appeal, the former husband challenges an order denying his petition for modification of alimony and child support (4D11-3501); an order finding him in contempt for failing to pay alimony and child support (4D11-4400); and the money judgment entered following his failure to pay the attorney's fees awarded to the former wife in the order denying modification (4D12-3515). Having considered the issues raised, we affirm, without further comment, the trial court's rulings denying modification of alimony, child support, and the former husband's obligations concerning the children's tuition. We agree, though, that the award of attorney's fees to the former wife, the concurrent denial of the former husband's request for fees, and the order holding the former husband in contempt for failing to pay the children's tuition must be reversed due to insufficient findings. We write solely to address these latter issues.

*Attorney's Fees*
In the August 2011 order denying the petition for modification of

alimony, child support, and tuition obligations, the trial court ordered the former husband to pay $18,000 toward the former wife's attorney's fees and inherently denied the former husband's request for attorney's fees. It is clear that the trial court rejected the former husband's claims of a failing business and wages of an amount insufficient to meet even his support obligations. Nonetheless, the order contains no factual findings regarding the parties' respective incomes and no factual findings regarding need and ability to pay. The order simply states the former husband's financial position is "much better" than the former wife's. This is insufficient.

"A trial court cannot award attorney's fees without making findings as to one spouse's ability to pay fees and the other spouse's need to have the fees paid." *Peterson v. DeLuca*, 936 So. 2d 752, 753 (Fla. 4th DCA 2006); *see also Fichtel v. Fichtel*, 141 So. 3d 593, 596 (Fla. 4th DCA 2014) (recognizing factual findings are "critical" in awarding section 61.16 fees and absence of such findings hampers appellate review). The absence of such findings is generally fatal. *Glass v. Glass*, 49 So. 3d 867 (Fla. 4th DCA 2010) (writing court was compelled to reverse fee award where order contained a finding that husband had ability to pay, but no finding of need on the part of wife). This is particularly true in the instant case.

The 2005 final judgment and a March 2009 order on petitions for modification put the former husband's gross income at $158,254 and "at least $168,000," respectively. These same orders attributed a gross income to the former wife of $25,000 and $68,000. By the time of the modification proceedings that gave rise to the fee award, the former husband was claiming his income had been reduced by approximately half and that the former wife now had a gross income in excess of $100,000. Under these circumstances, factual findings concerning the parties' financial circumstances, need, and ability to pay were essential.

*Contempt for Failure to Pay Tuition*

After the former husband failed to pay the children's school tuition as required by the August 2011 order, the trial court held him in civil contempt, setting the purge amount at $20,060.96 and providing for his incarceration upon the failure to pay such amount or make payment arrangements satisfactory to the school. The order makes no express findings regarding the former husband's gross or net income. Rather, the factual findings regarding the former husband's *present* ability to pay the $20,060.96 purge amount are limited to the following: the former husband has a minimum of $20,000 in business inventory, and he had paid $6,500 to his own attorney since entry of the August 2011 order. These findings are insufficient.

2

Where, as here, the court imposes a sanction and sets the conditions for purge of the contempt, the trial court's order shall include "a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding." Fla. Fam. L. R. P. 12.615(e); *see also Elliott v. Bradshaw*, 59 So. 3d 1182, 1184 (Fla. 4th DCA 2011) ("[W]here a party has refused to pay court-ordered support, the court must set a purge amount, and the contemnor must have the present ability to pay that amount to purge the contempt."). Courts have characterized the rule as requiring the trial court to "identify the source of payment for the purge amount." *Brennan v. Brennan*, 122 So. 3d 923, 927 (Fla. 4th DCA 2013) (citing *Aburos v. Aburos*, 34 So. 3d 131, 135 (Fla. 3d DCA 2010)).

The sources cited by the trial court, i.e., the business's inventory and the payment of $6,500 to the former husband's attorney, do not support a finding that the former husband has the *present* ability to pay in excess of $20,000. The only evidence before the court reflected that the inventory was subject to substantial liens, and there was no evidence suggesting there was a ready market for the inventory or that its sale would generate $20,000. As for the $6,500 paid to the attorney, the evidence established that such amount was paid in the past from a loan, and there was no testimony indicating that additional funds were available.

Evidence during the proceedings that gave rise to the orders appealed established that the former husband had gifted half of his business to his new wife and that the new wife, who was employed as the children's nanny during the marriage, was now drawing a substantial income from the business. Some of the findings in the orders appealed suggest the trial court believed the former husband had diverted income to his new wife so as to avoid his support obligations. We note that "[a] finding that a party divested himself of assets does not substitute for a finding of *present* ability to pay." *Elliott*, 59 So. 3d at 1186 (citing *Apa v. Apa*, 693 So. 2d 702 (Fla. 4th DCA 1997)). "[E]ven a person who has willfully or negligently divested himself of the ability to pay money as ordered cannot be incarcerated for civil contempt when he does not *then have* the ability to purge himself." *Galligher v. Galligher*, 643 So. 2d 706, 707 (Fla. 4th DCA 1994) (citing *Knowles v. Knowles*, 522 So. 2d 477 (Fla. 5th DCA 1988)) (emphasis added).

*Conclusion*

In sum, having considered all arguments raised, the order denying the former husband's petition for modification of his alimony, child support, and private school tuition obligations is affirmed in all respects, save the award of $18,000 in attorney's fees to the former wife. The matter of

attorney's fees is remanded to the trial court, with directions that the trial court reconsider the issue after making specific factual findings regarding the parties' net incomes and financial circumstances. Our reversal of the attorney's fee award necessitates reversal of the resulting money judgment entered against the former husband. Finally, we reverse the order holding the former husband in contempt. Such reversal does not preclude further proceedings on this issue. *See Elliott*, 59 So. 3d at 1187 (reversing order holding husband in contempt as present ability to pay purge amount not supported by the evidence and noting reversal did not preclude further proceedings regarding husband's present ability to pay).

*Affirmed in Part; Reversed in Part; and Remanded.*

MAY and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4