DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHOPIN AND CHOPIN, LP,**
Appellant,

v.

**MARIANNE K. BRENNAN** and **DANIEL JOSEPH BRENNAN,**
Appellees.

No. 4D14-1599

[November 4, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy L. Smith, Judge; L.T. Case No. 502010DR000678 XXXXNB.

Philip M. Chopin of Chopin & Chopin, LP, West Palm Beach, for appellant.

Jennifer S. Carroll of the Law Offices of Jennifer S. Carroll, P.A., Palm Beach Gardens, for appellee Marianne K. Brennan.

Daniel J. Brennan, Palm Beach Gardens, pro se.

STEVENSON, J.

Chopin and Chopin, LP (the Law Firm) appeals an order entered in this divorce proceeding, which required the Law Firm to refund to the Former Husband $12,333.70 that the trial court determined was paid to the Law Firm as "attorneys' fees" to purge a contempt order. For the reasons stated below, we reverse and remand for an evidentiary hearing.

On July 13, 2012, the trial court found the Former Husband in indirect contempt for failure to pay alimony. To purge the contempt, he was required to pay the alimony arrearage *plus* the Former Wife's attorneys' fees for bringing the contempt motion ($7,799.69). The Former Husband appealed the contempt order, and his appeal was consolidated with his prior appeal of the dissolution order on the merits.

While the appeals were pending, the Former Wife filed a second motion for contempt, again seeking unpaid alimony. In her second motion, the

Former Wife acknowledged that the Former Husband had paid his previous support obligations "in full, to purge the contempt and avoid incarceration." She alleged, however, that he had again accrued an alimony arrearage.

The parties settled the matter by preparing an Agreed Order. The Agreed Order recognized an alimony arrearage in the amount of $33,112.56 and provided that the Former Husband satisfy the alimony arrearage by paying $20,778.86 through the Florida State Disbursement Unit and $12,333.70 "payable to the Trust Account of Chopin & Chopin, LP."[1]

Shortly after the Agreed Order was entered, this court issued its decision in *Brennan v. Brennan*, 122 So. 3d 923 (Fla. 4th DCA 2013), reversing the dissolution order in part and remanding. *Brennan* also reversed the post-judgment contempt order, including the requirement that the Former Husband pay the Former Wife's attorneys' fees as an additional purge amount.

Following issuance of the mandate in *Brennan*, on remand, the trial court held a hearing to determine numerous issues, including the amount of alimony the Former Husband would owe going forward and what credits he should receive for overpayments (if any). At the evidentiary hearing, the Former Husband testified that he paid $12,333.70 to the Law Firm as attorneys' fees to purge the contempt. By its order, the trial court found that the Law Firm should reimburse the Former Husband $12,333.70 because the contempt order was vacated by this court's decision in *Brennan*.

In this appeal, the Former Husband concedes that his testimony was erroneous. Appearing *pro se*, he admits that of the $12,333.70 paid to the Law Firm, only $7,799.69 (the amount specified in the reversed contempt order) should be refunded. The Law Firm and the Former Wife[2] argue that *all* of the money paid to the Law Firm was past-due alimony and that *none* of it was paid by the Former Husband to purge the contempt.

The Agreed Order is in the nature of a settlement agreement. Settlement agreements are contractual and are interpreted and governed by contract law. *Barone v. Rogers*, 930 So. 2d 761, 763–64 (Fla. 4th DCA 2006). Whether an ambiguity exists in a contract is a question of law subject to the *de novo* standard of review. "Language in a contract is

---

[1] Chopin and Chopin, LP, represented the Former Wife at the time.
[2] The Former Wife appears as Appellee and filed her own Answer Brief.

ambiguous where it is 'fairly susceptible to more than one interpretation.'" *Torwest, Inc. v. Killilea*, 942 So. 2d 1019, 1020 (Fla. 4th DCA 2006) (quoting *McInerney v. Klovstad*, 935 So. 2d 529, 531–32 (Fla. 5th DCA 2006)).

Because the Agreed Order directs payment by check made payable to the Law Firm, it is unclear whether the parties intended for the $12,333.70 paid to the Law Firm to include the $7,799.69 in attorneys' fees previously ordered to purge the contempt. For this reason, we find the Agreed Order contains an ambiguity, and we reverse and remand to the trial court to allow the parties to present parol evidence on this issue.

On remand, if the Former Husband establishes that he paid attorneys' fees *to purge the contempt*, then he is entitled to reimbursement in the amount paid. *See Marty v. Bainter*, 727 So. 2d 1124, 1125 (Fla. 1st DCA 1999) (an award of attorneys' fees and costs predicated on a reversed or vacated final judgment also must be reversed).

*Reversed and remanded.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3