DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERIC CARL FISCHER,**
Appellant,

v.

**ANGELA DORIS FISCHER,**
Appellee.

No. 4D18-1635

[June 5, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312016DR001351.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellant.

Kevin M. Rollin of Napier & Rollin, PLLC, Vero Beach, for appellee.

DAMOORGIAN, J.

Eric Fischer ("Former Husband") appeals the trial court's final judgment dissolving his marriage to Angela Fischer ("Former Wife"). Although Former Husband raises several issues on appeal, we find merit in only two of his arguments, namely that the trial court (1) erroneously included a depleted asset in the equitable distribution scheme and (2) awarded Former Wife attorney's fees without making the requisite findings as to the amount of fees.

The parties were married in 1985 and Former Wife filed her petition for dissolution of the marriage in 2016. In her petition, Former Wife asked the trial court to determine which of the parties' assets were marital and to equitably distribute those assets. Included amongst those assets was a 1985 Corvette. Former Wife also requested attorney's fees in her petition based on her need for fees and Former Husband's ability to pay.

Prior to trial, Former Wife filed with the court an equitable distribution schedule wherein she listed the value of the Corvette at $5,000. At the ensuing trial, Former Husband testified that he sold the Corvette for

$1,500 after Former Wife filed for divorce. No testimony or other evidence was presented by either party as to why the Corvette was sold, what Former Husband did with the funds he received, or if the funds were used for a purpose unrelated to the marriage. With regard to the issue of attorney's fees, Former Wife entered into evidence the billing invoices for the services provided by her attorney which showed a total of $10,424 in legal fees and costs. Former Wife's attorney, who charged an hourly rate of $300, testified as to each of the billing entries.

In its written final judgment of dissolution of marriage, the trial court listed the Corvette as a marital asset and assigned it a value of $3,000. The trial court made no specific findings as to whether Former Husband intentionally dissipated that asset. The trial court also awarded Former Wife $5,000 in attorney's fees based on need and ability to pay. The trial court did not set forth any factual findings as to the reasonable hourly rate or reasonableness of the hours expended. This appeal follows.

With respect to the trial court's equitable distribution of the Corvette, it is well established that "it is error to include in the equitable distribution scheme assets or sums that have been diminished or depleted during the dissolution proceedings." *Bush v. Bush,* 824 So. 2d 293, 294 (Fla. 4th DCA 2002); *accord Weymouth v. Weymouth*, 87 So. 3d 30, 36 (Fla. 4th DCA 2012). Only where there is "evidence of the spending spouse's intentional dissipation or destruction of the asset, and the trial court . . . make[s] a specific finding that the dissipation resulted from intentional misconduct" can that dissipated asset be included within the equitable distribution. *Goldstein v. Goldstein*, 90 So. 3d 970, 973 (Fla. 4th DCA 2012) (quoting *Roth v. Roth*, 973 So. 2d 580, 585 (Fla. 2d DCA 2008)). Here, there was no evidence of intentional misconduct by Former Husband related to the sale of the Corvette and the trial court made no findings of intentional misconduct. Therefore, the trial court erred in including the Corvette in the equitable distribution scheme.[1]

Turning to the trial court's award of attorney's fees, it is well settled that an award of attorney's fees "must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors." *Powell v. Powell*, 55 So. 3d 708, 709 (Fla. 4th DCA 2011). The fact that there is competent, substantial evidence supporting a trial court's award does not obviate the need for specific factual findings in the judgment. *Id.* Here,

---

[1] On appeal, Former Wife correctly concedes that based on existing case law the Corvette should not have been included in the final equitable distribution scheme and it was inconsistently valued in the final judgment.

the final judgment contains no specific findings regarding the number of hours reasonably expended by Former Wife's attorney or the reasonableness of the hourly rate.[2] The failure to make these findings requires reversal. *See Baime v. Baime*, 850 So. 2d 606, 606–07 (Fla. 4th DCA 2003).

Based on the foregoing, we reverse and remand with instructions for the trial court to recalculate the equitable distribution schedule without the Corvette and make the specific findings necessary to support the amount of attorney's fees awarded.

*Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We reject Former Wife's argument that Former Husband waived this issue because he failed to draw the error to the attention of the trial court in his motion for rehearing. *See Guardianship of Halpert v. Rosenbloom*, 698 So. 2d 938, 940 (Fla. 4th DCA 1997).