DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDMUND ACCARDI,**
Appellant,

v.

**CHARLOTTE ACCARDI,**
Appellee.

No. 4D18-1669

[June 12, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. FMCE 03-010838.

Brian C. Valentine and Rae Lynn Mosier of The Law Office of Mosier Valentine, PA, Fort Lauderdale, for appellant.

Carin M. Porras of Brydger & Porras, LLP, Fort Lauderdale, for appellee.

FORST, J.

Appellant Edmund Accardi ("Former Husband") appeals the contempt order entered against him for his failure to pay Appellee Charlotte Accardi ("Former Wife") the alimony payments required under the 2005 order dissolving their marriage. Former Husband raises four issues on appeal. We affirm without discussion the holding that Former Husband is in contempt of the court order requiring him to pay alimony to Former Wife. As discussed herein, we reverse the order of the trial court with respect to the other three issues raised on appeal and remand for further proceedings consistent with this opinion.

**Background**

In 2004, the parties entered into a marital settlement agreement in which Former Husband agreed to pay Former Wife $26,700 per month in permanent non-modifiable alimony with a cost of living adjustment. The parties' agreement was ratified and adopted by the 2005 dissolution judgment.

In 2017, Former Wife filed a motion for contempt and to enforce the dissolution judgment, alleging Former Husband's ongoing failure (since December 2008) to comply with his alimony obligation. At the contempt hearing, deposition testimony of the parties' son was presented. Based on this testimony, the trial court found that the son "said that in exchange for receiving an ownership interest in [Former Husband's automobile] dealerships, [the son] agreed to take care of Former Husband financially for the rest of his life." The son also stated that he was providing Former Husband with substantial funds ($20,000/month on average), to augment Former Husband's income from other endeavors.

The trial court entered a written order detailing its factual findings and holding Former Husband in contempt for willfully failing to comply with his alimony obligation. The court awarded Former Wife her attorney's fees and costs incurred, finding the amount to be supported by the evidence and reasonable. Additionally, the court found that the parties' son was

> willing to write a check for $100,000.00 if his father, Former Husband were faced with incarceration for failure to pay alimony. The Court finds Former Husband *has the ability to pay alimony* in accordance with the provisions set forth herein and *Picurro v. Picurro*, 734 So. 2d 527 (Fla. 4th DCA 1999).

(Emphasis added).

The trial court ordered Former Husband to pay $2,730,439.50 for outstanding alimony with interest accruing daily (to be paid to Former Wife in $10,000 monthly installments); $52,578.55 for Former Wife's attorney's fees and costs; and $26,753.40 per month in accordance with Former Husband's continuing alimony obligation. The court then set the purge amount at $100,000, providing Former Husband with thirty days to pay it. Finally, the court ordered that a writ of arrest and bodily attachment would issue "[i]n the event that Former Husband fails to pay any of the purge amount or *any of the monthly payments*." (Emphasis added). Appellant's appeal followed.

## Analysis

A trial court's order of contempt is presumed correct on appeal. *Napoli v. Napoli*, 142 So. 3d 953, 954 (Fla. 4th DCA 2014). Under that presumption, we will not overturn a contempt order unless the trial court "either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error." *Id.* at 954-55 (reversing because the civil contempt order failed to comply

with the applicable family law rule governing such orders); *see also Martyak v. Martyak,* 873 So. 2d 405, 407 (Fla. 4th DCA 2004) (same).

Here, the trial court complied with rule 12.615(d)(1) of the Florida Family Law Rules of Procedure in finding Former Husband in contempt of the 2005 support order. As noted above, Former Husband's challenge to that part of the contempt order is affirmed without further discussion. The focus of our review is on whether the trial court ordered a proper remedy as a result of the willful violation.

If a trial court finds incarceration or other coercive sanctions to be an appropriate remedy,

> the court shall set conditions for purge of the contempt, based on the contemnor's present ability to comply. The court must include in its order *a separate affirmative finding* that the contemnor has the *present ability to comply with the purge and the factual basis for that finding.*

Fla. Fam. L. R. P. 12.615(e) (emphasis added); *see also Bowen v. Bowen,* 471 So. 2d 1274, 1279 (Fla. 1985) (establishing the constitutional criteria for incarceration for civil contempt).

Here, after the trial court found Former Husband in contempt, the court pointed to the son's deposition testimony that he would pay $100,000 if Former Husband were faced with incarceration for his failure to pay alimony, i.e. he would pay the purge. The court then found that "Former Husband has the ability to pay *alimony . . . .*" The use of the word "alimony" rather than "the purge" appears to be a drafting error, as the cited *Picurro* opinion dealt with a party's ability to pay the purge amount. The son's deposition testimony that he was willing and able to write a check to Former Husband to "get him out of trouble" supports the trial court's conclusion that Former Husband has "the ability to pay [the purge]." However, as we are remanding with instructions to issue a modified order, the drafting error should be corrected to reflect a "separate affirmative finding" that Former Husband has the present ability to pay the *purge. See Martyak,* 873 So. 2d at 407.

In addition, as conceded by Former Wife, the trial court improperly ordered the incarceration of Former Husband based on future noncompliance to pay alimony. The order states, "in the event that Former Husband fails to pay any of the purge amount or *any of the monthly payments,* a Writ of Arrest and Bodily Attachment *shall be issued . . . .*" (Emphasis added). Former Husband is obligated to make two monthly

support payments to Former Wife: both the $26,753.40 in monthly alimony, as well as the $10,000 monthly catch-up payments for past unpaid alimony.

Issuing a writ of arrest based on Former Husband's future noncompliance to make his alimony payments is improper, as "civil contempt orders may not provide for incarceration based on future, anticipated noncompliance with a court's periodic support order." *Hipschman v. Cochran*, 683 So. 2d 209, 211 (Fla. 4th DCA 1996) (citing *Phillips v. Phillips*, 502 So. 2d 2 (Fla. 4th DCA 1986)). This is because due process requires "a hearing before incarceration, where a contemnor may challenge the allegation of noncompliance and defend on the ground that he does not have the present ability to pay under *Bowen*." *Id.*; *see also Cokonougher v. Cokonougher*, 543 So. 2d 460, 461 (Fla. 2d DCA 1989). Because the trial court improperly unconditionally ordered incarceration based on future noncompliance to pay alimony, we must reverse. *See Janeski v. Janeska*, 974 So. 2d 1220, 1222 (Fla. 2d DCA 2008) (reversing and remanding when "the trial court simply relied on its prior findings and its prior purge amount and presumed the former husband continued to have the 'present ability to pay' that amount").

Finally, the trial court awarded Former Wife her attorney's fees and costs but failed to consider "the financial resources of both parties." *See* § 61.16(1), Fla. Stat. (2018). "A trial court cannot award attorney's fees without making findings as to one spouse's ability to pay fees and the other spouse's need to have the fees paid." *Wiesenthal v. Wiesenthal*, 154 So. 3d 484, 486 (Fla. 4th DCA 2015) (quoting *Peterson v. DeLuca*, 936 So. 2d 752, 753 (Fla. 4th DCA 2006)). "The absence of such findings is generally fatal." *Id.* (citing *Glass v. Glass*, 49 So. 3d 867 (Fla. 4th DCA 2010)).

Here, the trial court did not make findings concerning the parties' need and ability. The order merely states that the evidence supports the amount of fees and costs accrued and that the amount is reasonable; this is insufficient. *Norman v. Norman*, 939 So. 2d 240, 241-42 (Fla. 1st DCA 2006) (An "order directing a party to pay the other party's fees and costs, which recites simply that the total amounts 'are reasonable time spent and hourly rates,' is insufficient under [*Fla. Patient's Comp. Fund v.*] *Rowe*[, 472 So. 2d 1145 (Fla. 1985)]."). Accordingly, we reverse the award of attorney's fees and costs. *Powell v. Powell*, 55 So. 3d 708, 710 (Fla. 4th DCA 2011). On remand, if the trial court again awards attorney's fees and

4

costs to Former Wife, it must make the findings necessary to support entitlement. *Id.*[1]

## Conclusion

For these reasons set forth above, we reverse the trial court's order of contempt, in part, and remand for further proceedings and modification of the order consistent with this opinion.

*Affirmed in part; Reversed in Part; and Remanded.*

WARNER and KUNTZ, JJ. concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Additionally, both parties acknowledge that the order contains a mathematical/drafting error with respect to the total amount of the incurred fees and costs. The testimony supported a total of $42,578.55 and the order provides for payment of $52,578.55.