DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

SANDRA EPPERSON RICH,

Appellant,

v.

JOHN D. RICH; ARNOLD R. RICH; BANNUM, INC.; KENTUCKY
MANAGEMENT GROUP, INC.; and 656 R/E VENTURES, INC.,

Appellees.

No. 2D20-707

_____

April 3, 2024

Appeal from the Circuit Court for Pinellas County; Christopher Labruzzo,
Judge.

David A. Maney of Maney, Damsker & Jones, P.A., Tampa, for Appellant.

Michael J. Park of Park, Ossian, Barnaky & Park, P.A., Clearwater, for
Appellee John D. Rich.

No appearance for remaining Appellees.

NORTHCUTT, Judge.

Sandra Rich challenges an order that held her in contempt because
she had not paid attorneys' fees to her former husband, John Rich, in
accordance with a prior fee award. We reverse because the underlying
rulings upon which the contempt finding was based have been
disapproved.

In case number 2D20-440, this court reversed aspects of the Riches' divorce judgment and we remanded for a new trial. *See Rich v. Rich*, 337 So. 3d 138 (Fla. 2d DCA 2022). Then, in case number 2D19-2721, we reversed an award of attorneys' fees and costs to the former husband because the award was premised on many of the findings that had been reversed in case number 2D20-440. *See Rich v. Rich*, 346 So. 3d 1266, 1267 (Fla. 2d DCA 2022). The order on appeal in the instant case held the former wife in contempt for failing to pay the fee award that we set aside in case number 2D19-2721.

As the former husband correctly concedes, the contempt order must be reversed. *See Wiesenthal v. Wiesenthal*, 154 So. 3d 488, 489 (Fla. 4th DCA 2015) (reversing a contempt order after the fee order upon which it was based was reversed in a companion appeal).

Having reversed both the fee award and the resulting contempt order, we find no basis for permitting the former husband to retain money paid to him thereunder. *See Chopin & Chopin, LP v. Brennan*, 178 So. 3d 509, 510-11 (Fla. 4th DCA 2015) (holding that a party holding funds paid pursuant to a vacated contempt order must reimburse the funds to the other party). On remand, if the former wife establishes that she has made any payment required by the contempt order or the fee award upon which it was based, she will be "entitled to reimbursement in the amount paid." *See id.*

Reversed and remanded for proceedings consistent with this opinion.

CASANUEVA and SILBERMAN, JJ., Concur.

———————————————