DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ETHAN GORDON,**
Appellant,

v.

**ISABELLA PINOARGOTTY,**
Appellee.

No. 4D2024-0776

[February 19, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Allison Gilman, Judge; L.T. Case No. COSO22-007779.

Ethan Gordon, Miami Beach, pro se.

Isabella Pinoargotty, Deltona, pro se.

MAY, J.

A tenant appeals an attorney's fees and costs award stemming from an eviction action. The trial court's failure to determine the reasonable hours expended and the reasonable hourly rate requires us to reverse.

- ***The Facts***

Following the entry of a final judgment in an eviction action, the landlord moved for attorney's fees and costs, totaling $24,449.50. The landlord's counsel attached an affidavit attesting that he had expended 58.91 hours totaling $23,564.00. Following a hearing, the court awarded $15,449.50 in attorney's fees and costs to the landlord. From this judgment, the tenant appeals.

- ***The Analysis***

The tenant argues that because the lease contained no fee provision and section 83.48, Florida Statutes (2022), prohibits fee awards for personal injury claims arising from habitability issues, the court had neither a statutory nor contractual basis to award fees. We disagree. Because this action was based on

a residential lease, section 83.48 provides the landlord a statutory basis for fees. *See* § 83.48, Fla. Stat. (2024).[1]

The tenant next argues the $15,449.50 award was excessive, lacked required findings on hours and rates, and was unsupported by detailed time records. The landlord did not directly respond to the tenant's allegations regarding the fee award.

We review an attorney's fees order for an abuse of discretion. *Alvarez v. Salazar*, 338 So. 3d 267, 270 (Fla. 4th DCA 2022) (citing *Henry v. Henry*, 191 So. 3d 995, 999 (Fla. 4th DCA 2016)).

When awarding attorney's fees, "the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors." *Powell v. Powell*, 55 So. 3d 708, 709 (Fla. 4th DCA 2011) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985)). The trial court's failure to include these findings warrants reversal of the fee award. *Id.* at 709-10.

Here, the order awarded the landlord $15,449.50 in attorney's fees. But the order failed to contain any finding as to the reasonable number of hours expended or the reasonable hourly rate. The order merely stated the court "finds that the Plaintiff has incurred attorney's fees and costs in the total amount of FIFTEEN THOUSAND FOUR HUNDRED AND FORTY-NINE DOLLARS AND 50/100 ($15,449.50), as detailed in the Affidavit Regarding Attorney's Fees and Costs."

The reference to the affidavit did not remedy the problem because it too lacked specificity and detailed time records. It provided only the total amount of hours rendered in the action (58.91 hours), the alleged reasonable hourly rate ($400 per hour), and the resulting monetary total ($23,564.00).

The trial court erred in failing to determine the reasonable hours expended and a reasonable hourly rate for the landlord's attorney. *Powell*, 55 So. 3d at 709-10. We therefore reverse and remand the case for the trial court to make proper findings supporting its award of attorney's fees.

*Reversed and remanded for the trial court to make the required findings to support the attorney's fee award.*

---

[1] The tenant also argues the trial court erred in excluding the tenant's evidence: the landlord's mold inspection report and the tenant's medical records. The landlord responds the tenant's appeal of that issue is untimely. Because the tenant failed to appeal the underlying eviction judgment, he cannot now raise this issue. *See Se. Fid. Ins. Co. v. Stevens*, 340 So. 2d 933, 934 (Fla. 4th DCA 1976).

DAMOORGIAN and GERBER, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*